THE STATE OF NEBRASKA, EX REL. GEORGE P. DA-
VIS, V. GEORGE H. FORNEY, COUNTY CLERK OF
DODGE COUNTY.

1.  Township organization: VACANCIES IN TOWN OFFICES.
    When, in a new town, erected by the county board, in the di-
    vision of the county into towns or townsh'ps, at the first meet-
    ing of said board, the offices of the town board, as well as of
    the town clerk, are all vacant, it is the duty of the county clerk
    to fill such vacancies as well as all other vacancies in the offices
    of such town by appointment.

2.  ——— : MANDAMUS. In a proper case, such duty will be en-
    forced by mandamus.

ORIGINAL application for mandamus.

*George L. Loomis*, for relator.

*William Marshall*, for respondent.

COBB, J.

This action arises upon the application of George P.
Davis, a citizen of Dodge county, and a resident tax payer
of the town of Cottrell, in said county, for a mandamus to
George H. Forney, county clerk of said county, command-
ing him to forthwith fill, by appointment, the several va-
cancies existing in the said town of Cottrell, to-wit, the
several offices of supervisor, town clerk, town treasurer, as-
sessor, two justices of the peace, three judges, and two
clerks of election, of said town.

It appears from the record presented that upon a proper
application by the requisite number of electors of said
county, the question of the adoption of township organiza-
tion was duly submitted to and adopted by the electors of
said county at the general election for the year 1886.

It also appears that at said election the electors of a ma-

jority of the precincts in said county elected supervisors; that there was held, commencing on the fifteenth day after such election, at the county seat of said county, a special meeting of the newly-elected county board; that at said special meeting the said board proceeded to divide said county into towns in accordance with the provisions of the statute in such case made and provided [Comp. Stat., Ch. 18, Art. IV, Sec. 5]; and that among the other towns into which the said county was divided as aforesaid, is the town of Cottrell. It further appears that in the said division of said county into towns the lines of such towns were so adjusted in respect to the lines of the precincts theretofore existing in said county as to leave a full quota of town officers as elected at said election in and by said several precincts still residing in each of said towns respectively, except the said town of Cottrell; but leaving no town officer, of any name or grade whatever, residing within the limits of said town, but leaving each and all of the offices of said town vacant.

It also appears that before the presentation of the relation in this case, to-wit, on the 11th day of January, 1887, the relator, together with divers other resident tax-payers of said towns, personally requested and demanded of the respondent that he, as county clerk of said county, appoint proper and suitable persons to fill said several offices of the said town, which he, the said respondent, then and there refused to do.

By stipulation the cause is presented to this court to be considered and disposed of the same as though the matters of fact stated in the relation were denied by the respondent and sufficiently proved by the relator; so that the only question for our consideration is the question of law arising upon the facts pleaded, to-wit, whether upon the above state of facts the county clerk possesses the power, and is it his duty, to fill by appointment the vacant offices created by the creation of the said town of Cottrell?

Section 5, of Article IV, of Chapter 18, of the Compiled Statutes of 1885, provides that "In case a majority of the legal votes cast at said election" (referring to an election at which the question of the adoption of township organization shall be submitted under the provisions of said chapter) "shall be for township organization, and the electors have chosen supervisors in a majority of precincts of the county, as provided in the preceding sections, there shall be held a special meeting of the newly-elected county board, commencing on the fifteenth day after such election, at the county seat. * * * At such special meeting the county board may transact such county business as may be required to be transacted before the next regular meeting of the board, and shall proceed to divide such county into towns, or townships, making them conform as near as practicable to townships according to the government surveys," etc.

Section 14 provides that "In case any town in any county wherein township organization has been, or may be, adopted, shall refuse or neglect to organize and elect town officers at the time fixed by law, it shall be the duty of the board of supervisors of the county, upon the affidavit of any freeholder, resident of said town, filed in the office of the county clerk, setting forth the facts, to proceed at any regular or special meeting of the board, and appoint the necessary town officers for such town, and the persons so appointed shall hold their respective offices until others are chosen or appointed in their respective places, and shall have the same power and be subject to the same duties and penalties as if they had been duly chosen by the electors of the town."

Section 15 provides that "Whenever it shall be made to appear to the board of supervisors that the town officers appointed by them or by any preceding board, as provided in the foregoing section, have failed to qualify, as required by law, so that such town cannot become organized, the board of supervisors may annex such town to any adjoin-

ing town, and the said town so annexed shall thereafter form and constitute a part of such adjoining town."

By observing the language of section fourteen, as above quoted, it will be seen that the provisions of· that section cannot be held to apply to the town of Cottrell, as at present situated, as it has neither neglected nor refused to organize and elect town officers at the time fixed by law—no such opportunity having been offered it. If the provisions of said section be held to apply to the case at bar, then it is the duty of the county board, and not of the county clerk, to appoint officers for said town.

But it is contended by counsel for the respondent, that although it was made the imperative duty of the county board to create the said town (they deeming the same to be necessary) at their meeting held fifteen days after the election at which township government was adopted in said county, yet that the said new town would nevertheless remain a part of the precinct or precincts from which its territory was taken, converted into towns by virtue of said election, until the next annual election, and not until that time be possessed of a separate autonomy. This contention is based upon section 4 of the same article, which, as printed in the Compiled Statutes, and contained in the enrolled bill in the office of the secretary of state, reads as follows : "Sec. 4. For the purpose of temporary organization each voting precinct shall be a township until otherwise ordered by the county board, and at the general election at which the question of adoption of township organization is submitted as aforesaid ; *Provided further*, · That in wards of cities of the first and second class whose limits are co-extensive with precincts, the electors thereof shall only choose supervisors, assessors, and judges, and clerks of election."

A bare inspection of the above section, or that part of it which comes before the proviso, will not fail to satisfy any one that the legislature never intended to pass it in that

form; and an examination of section five as printed, will show that section four as originally drafted contained the words of section five as printed, occurring after the brackets in the twenty-fifth line, and such was the form of the bill as introduced, and as it stood until it came from the hands of the printer, in the form in which it finally passed and stands in the statute book. That part of section four as printed, coming before .the proviso, means nothing at all, and no rule of construction will give any meaning to it. But read in connection with that part of section five above referred to, it will show that the sole object of the section was to provide that the voting precincts should be regarded as towns for the purposes of the first election of town officers, which should take place at the same election, and simultaneously with the voting on the question of the adoption of township organization, and to provide the name and number of several town officers to be elected therein. It also provides, in fact, that the boundaries of the several towns where township organization shall be adopted shall remain the same as those of the former precincts respectively " until otherwise ordered by the county board." In the case at bar it appears from the record that the new county board met as required by the terms of the fifth section of the act on the fifteenth day after the election; and as further required by the terms of the said section, proceeded "to divide such county into towns or townships." Now the said towns held their boundaries the same as those of the old precincts, by virtue of the provisions of the fourth section above quoted, until this act of division by the county board. Then the county board "otherwise ordered." Thenceforward the number and boundaries of the several towns exist by virtue of the division of the county into towns or townships by the county board.

In the case at bar, so far as is shown by the record, the county board in the said division of said county into towns or townships adopted the old division into precincts except

in so far as the said town of Cottrell was concerned, which said town was erected out of territory not theretofore constituting a precinct or town, and containing within its boundaries no person elected as a town officer at the said election. As we have seen, none of the provisions of the act which we are considering for the filling of vacancies in town offices apply to vacancies in such offices created by the erection of new towns. Notwithstanding the omission by the legislature to provide in the act for the filling of such vacancies, I cannot conceive that it was their intention that such vacancies should remain unfilled and the town unorganized for an entire year. If so, why was it made the imperative duty of the county board as it was by the provisions of section five, above quoted, to divide the county into towns or townships at its meeting, held almost immediately after the adoption of that system of government? It was certainly contemplated that in such division new towns would, or might be, erected, situated, in respect to the offices, precisely as we find the town of Cottrell in the case before us. To deny the power anywhere to fill these vacancies is to withhold the benefits of local self-government to the people of said town for an entire year, an important fraction of the ordinary life of a town as well as of a natural person. But while the act now under consideration furnishes no authority for filling vacancies in the offices of a new town created by its erection, we find sufficient reason for the omission of such provision in the fact that the legislature had but four days before the passage of the said law passed a general act on the subject of the filling of vacancies in office, which I believe, and no doubt the legislature believed, fully covered the case. The provisions of this act applicable to the question before us now constitute section 103 of chapter 26 of the Compiled Statutes of 1885, and are as follows:

"Sec. 103. Vacancies shall be filled in the following manner. * * * In township offices by the town board,

but where the offices of the town board are all vacant the clerk shall appoint, and if there be no town clerk the county clerk shall appoint." In the case at bar the town offices are all vacant. The offices of the town board as well as that of the town clerk being vacant, it is clearly the duty of the county clerk to fill the said vacancies by appointment.

A peremptory mandamus will issue as prayed.

JUDGMENT ACCORDINGLY.

THE other judges concur.