PEOPLE ex rel. SHAW v. McGOWAN et al.

(Supreme Court, Appellate Division, First Department. October 20, 1899.)

1. LIQUOR TAX LAW—REVOCATION OF CERTIFICATE—PETITION—VERIFICATION.
    Liquor Tax Laws, § 29, requiring that a petition for the revocation of a liquor tax certificate should be verified, is complied with by a verification to the effect that the petition is true to deponent's knowledge except as to matters alleged on belief, and that as to such matters he believes it to be true, under Code Civ. Proc. § 526, prescribing that an affidavit of verification must be of such effect.

2. SAME—GROUNDS OF BELIEF.
    One making a verified petition required by Liquor Tax Laws, § 29, for the revocation of a liquor tax certificate, does not need to state the grounds of his belief in such matters as he states on information and belief.

3. SAME—APPEAL—DEFECTIVE PETITION.
    An order dismissing a petition for a revocation of a liquor tax license
    will be affirmed if there is a fatal defect in the petition, though the ground
    on which it was dismissed is insufficient.

4. SAME—PETITIONERS.
    A petition for the revocation of a liquor tax certificate failing to allege
    that the petitioner is a taxpayer of the county, or one of the officials, who
    alone, under the Liquor Tax Law, § 29, as amended in 1897, are authorized
    to present such a petition, is fatally defective.

Appeal from special term, New York county.

Petition by Frank D. Smaw against Patrick J. McGowan and another for the revocation of a liquor tax certificate. From an order dismissing the proceeding, petitioner appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Frank D. Smaw, for appellant.

E. M. Pavey, for respondents.

RUMSEY, J. The statute (section 29, Liquor Tax Law) requires that a verified petition should be presented to the court as the basis of the proceeding here sought to be taken. The petition which was served contained a verification, which it is claimed was defective, and the defendants gave notice that they elected to consider the petition a nullity, because the verification was defective and insufficient. The liquor tax law contains no direction as to what is to be stated in the verification, and the rule in that regard, therefore, is that prescribed by the Code of Civil Procedure. Section 526 of the Code prescribes that the affidavit of verification must be to the effect that the proceeding "is true to the knowledge of the deponent, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true." The verification presented was in that precise form. It was made by the petitioner himself, who was a party to the proceeding. But it is claimed that the petition is defective, because it does not show that the deponent had any good ground for his information and belief. To this there are two answers. In the first place, as the verification was made by the party himself, the statute did not require him to show any grounds for his information and belief, and whatever he stated on the subject was pure surplusage. In the second place, it cannot be said that the statements did not show good grounds for the information and belief of the facts alleged in the petition; so that, even if the statement of the sources of his information was required, that made in the verification is quite sufficient. But, although the petition was dismissed on that ground, yet, if there is any other fatal defect which would warrant the action of the court, the order must be affirmed. That there is such a defect is quite clear. By section 29 of the liquor tax law, as amended in 1897, the authority to present a petition asking for the revocation of a tax certificate for a violation of the law is given to certain officials and to a taxpayer of the county where the certificate is issued. No others can present it. The petition contains no allegation that the petitioner is either one of the officials

named in the statute or a taxpayer of the county of New York. He had, therefore, no authority to present the petition asking for the revocation of this tax certificate. For this reason the action of the learned justice was correct, and must be sustained, and the order affirmed, with $10 costs and disbursements. All concur.

---

(29 Misc. Rep. 222.)

ROCHESTER TRUST & SAFE–DEPOSIT CO. v. ROCHESTER & I. R. CO. et al.

(Supreme Court, Special Term, Monroe County.   July, 1899.)

RECEIVERS—IMPROVEMENT OF MORTGAGED PROPERTY— RECEIVER'S CERTIFI-
CATES—STREET RAILWAY—LICENSE.
   An electric railway passed under the right of way of a steam railroad, under an agreement that on 60 days' notice it would erect permanent undercrossings of substantial masonry. The electric road having passed into the hands of a receiver, the railroad served the 60-days notice. *Held,* that the permission to cross the right of way being a mere license, which the railroad could revoke at any time, and the railroad not being a party, the court would not authorize the receiver to issue certificates to erect the permanent improvements, but would leave the purchaser at the receiver's sale to assume the responsibility of making them.