(30 Misc. Rep. 515.)

### In re HALBRAN.

(Supreme Court, Special Term, New York County. February, 1900.)

1. INTOXICATING LIQUORS—REVOCATION OF CERTIFICATE—PETITION.
   A petition for a revocation of a liquor-tax certificate does not state the facts on which its allegations are based, as required by Laws 1896, c. 112, § 28, subd. 2, where it alleges that the applicant for the certificate gave a false answer to "question 16" in the statement filed when the certificate was applied for, without stating what question 16 was, or the answer thereto.

2. SAME—REFERENCE.
   On an application, under Liquor-Tax Law, § 28, for a revocation of a liquor-tax certificate, a reference will be allowed, where the application alleges that the consents of two-thirds of the owners of private residences within 200 feet of the premises had not been obtained, and such allegation is denied by the answer.

3. SAME—EVIDENCE.
   On a reference to take testimony on an application for a revocation of a liquor-tax certificate, evidence may be taken as to whether the proceedings had been instituted without the petitioner's authority, where respondent contended that the proceedings were unauthorized.

4. SAME—NECESSITY OF PRIOR CONVICTION.
   A proceeding under Liquor-Tax Law, § 28, subd. 2, for the revocation of a liquor-tax certificate on the ground that respondent was not entitled to receive a certificate, may be instituted without a previous conviction of a violation of section 34, which makes it a misdemeanor for a certificate holder to carry on the traffic in violation of the statutes regulating it.

5. SAME—CHARACTER OF PETITIONER—CITIZENS.
   Liquor-Tax Law, § 28, subd. 2, authorizing "any citizen" to institute a proceeding for the revocation of a liquor-tax certificate, does not require the citizen to be a taxpayer.

Petition by Adolph Halbran against Odille C. Canavan for the revocation of a liquor-tax certificate. Reference ordered.

Lyman B. Bunnell, for petitioner.

BEEKMAN, J. The petitioner in this proceeding asks for an order revoking and canceling a liquor-tax certificate, on two grounds: (1) Because the applicant therefor gave a false answer to "question 16" in the statement filed at the time the certificate was applied for; and (2) because the consents of two-thirds of the owners of the private residences within 200 feet of the premises where the proposed traffic in liquors was to be carried on had not been obtained and filed as required by law. With respect to the first ground, the application must be denied. The petition does not state what question 16 was, nor does it give the answer claimed to have been false. As neither the original statement nor a copy of the same forms any part of the moving papers, the petition is plainly defective, as it fails to comply with the statute, which requires the petitioner to state the facts on which his allegations are based. Laws 1896, c. 112, § 28, subd. 2. This criticism, however, does not apply to the other ground above referred to, and, as the answer of the respondent puts it in issue, there must be a reference to take proof upon the question. As the respondent contends that this proceeding has been instituted without the authority of the petitioner, evidence may be taken before the referee upon this point, also. The reference should proceed, as far as possible, from day to day.

Counsel for the respondent has urged that under In re Lyman, 160 N. Y. 96, 54 N. E. 577, the petition should be dismissed, on the ground that such a proceeding as this cannot be entertained until after a conviction of the respondent has been had in a criminal prosecution for the violation of the law which is complained of. In this he is quite mistaken. Whatever was there decided by the court of appeals in this connection was carefully limited to cases where the motion for a revocation of the certificate is based upon a violation of the law occurring subsequent to the issuing of the certificate, and subjecting it to forfeiture. Such a case as this, which rests upon the general ground that the respondent was not entitled to receive or hold the certificate when it was delivered, is plainly not within the decision, as the opinion of the court clearly shows.

Still another objection was made to this proceeding on the ground that the petitioner, although averring that he is a citizen of the state of New York, has failed to show that he is a taxpayer. A reference, however, to section 28, subd. 2, of the liquor-tax law, under which this proceeding was instituted, shows that no other qualification is required than that the moving party should be a citizen of the state. It is only in the case of a proceeding instituted under section 29 of the law that a private party making the application there authorized must be a taxpayer. The two proceedings are different in character and purpose, and the statutory provisions with respect to one do not apply to or govern the other. The counsel for the respondent cites in support of his claim the case of People v. McGowan (Sup.), as reported in 60 N. Y. Supp. 407.[1] But there the proceeding was one

---

[1] The certified copy of opinion furnished publishers was as reported in Advance Sheets, 60 N. Y. Supp. 407. It was afterwards corrected for bound volume.

brought under section 29 of the statute, and not under subdivision 2 of section 28, as is the case here. It is true that in the opening words of the opinion, as above reported, the latter statute is referred to as the one under which the proceeding there was commenced; but a reference to the official report of this case (44 App. Div. 30) shows that the words "section 29 of the liquor-tax law" are used in place of the words "subdivision 2, § 28, Liquor-Tax Law." Of course, the official report must control. The point thus raised is therefore not well taken. Ordered accordingly.