## KAUFMAN *v.* ALEXANDER ET AL.

[No. 21,339. Filed May 25, 1909. Rehearing denied November 16, 1909.]

1. DRAINS.—*Statutes.*—The drainage act of 1907 (Acts 1907, p. 508) provides a new and complete system for the construction of drains, repealing all prior statutes, and saving pending proceedings, excepting those begun under the act of 1905, only by a compliance with such act. p. 139.

2. DRAINS.—*Statutes.—Effect.—Pending Cases.*—A drainage proceeding begun March 3, 1904, under the act of 1885 (Acts 1885, p. 129), and its amendments, but not completed prior to the passage of the act of 1907 (Acts 1907, p. 508), is governed wholly by the latter act, the former statutes, so far as affects such proceeding, being repealed thereby. p. 139.

3. DRAINS.—*Right to Construct.*—The right to construct a drain is wholly statutory; and a subsequent legislature may limit or take away rights previously granted while the proceedings are pending. p. 139.

4. DRAINS.—*Remonstrances. — Slatutes. — Repeal. —* Under §6142 Burns 1908, Acts 1907, p. 508, §3, providing that in cases pending when such act was passed, where a two-thirds remonstrance had not been filed, such a remonstrance might be filed, and thus determine the proceeding, a formerly filed two-thirds remonstrance, the filing of which was not legally authorized, does not affect the question, and such a remonstrance subsequently filed ends the proceeding. p. 140.

5. STATUTES.—*Indefiniteness.*—*Drains.*—The proviso in §6142 Burns 1908, Acts 1907, p. 508, §3, that in drainage cases pending at the passage of such act, where a two-thirds remonstrance has not been filed, one may be filed, is not void for failing to state the effect of such filing, since in the preceding lines of such section the effect of the filing of such a remonstrance is stated. p. 140.

6. CONSTITUTIONAL LAW.—*Statutes.*—*Titles.*—*Drains.*—The following title to a drainage statute: "An act concerning drainage, and repealing laws in conflict," sufficiently covers provisions for concluding pending drainage cases. p. 141.

7. TRIAL.—*Special Findings.*—*Appeal.*—*Drains.*—Special findings showing that 372 out of 516 persons affected by a proposed drain, remonstrated against the establishment thereof, shows that two-thirds of those affected remonstrated, such findings being conclusions from the evidence and being conclusive on appeal. p. 141.

From Huntington Circuit Court; *John R. Day,* Special Judge.

Drainage proceeding by Roscoe A. Kaufman, against which Charles W. Alexander and others remonstrate. From a judgment for remonstrants, petitioner appeals. *Affirmed.*

*C. W. Watkins* and *R. A. Kaufman, in pro. per.,* for appellant.

*W. A. Branyan, W. D. Hamer, H. B. Spencer, D. V. Whiteleather* and *B. E. Gates,* for appellees.

HADLEY, J.—On March 3, 1904, appellant filed in the office of the clerk of the Huntington Circuit Court his petition for the construction of a drain under the drainage act of 1885 (Acts 1885, p. 129), as subsequently amended. The sufficiency of the petition was assailed both before and after the docketing, which occurred on May 12, 1904.

On May 21, 1904, 351 persons, claiming to be the owners of land described in the petition, filed a remonstrance or motion to dismiss the petition, which was overruled. Divers other remonstrances, motions and objections were overruled, and on September 30, 1904. the petition was referred to the drainage commissioners.

October 2, 1906, the drainage commissioners made their

report on the petition, locating said proposed drain, and assessing benefits to 495 people, 480 of whom resided in Huntington and Whitley counties.

On November 9, 1906, Levi Bonebrake and 350 associates refiled their remonstrance and motion to dismiss the proceeding that was filed and overruled under date of May 21, 1904. On motion of appellant, the same was again overruled.

Issues were formed on the commissioners' report, and the hearing thereof continued from time to time, and on April 17, 1907, 372 persons, who were owners of lands affected by the construction of said drain, filed in said proceeding a written remonstrance against said commissioners' report, and against the construction of said drain. To this remonstrance appellant filed a demurrer for insufficiency of facts, upon the overruling of which he filed seven affirmative paragraphs of reply, to each of which appellees successfully demurred for want of facts. These several rulings give rise to the questions presented for our consideration.

It is shown by the record that those who signed the remonstrance of April 17, 1907, constituted more than two-thirds of all the persons affected by any assessment, or whose lands were damaged by the construction of the proposed drain; and, if the second proviso in section three of the drainage act of 1907 (Acts 1907, p. 508, §6142 Burns 1908) is valid, we perceive no reason why the judgment of the circuit court should not be affirmed. The proviso referred to reads as follows: "Provided, that in cases pending at the time of taking effect of this act where a two-thirds remonstrance has not been filed, such remonstrance may be filed to the report of the drainage commissioners, except in cases pending on petition filed under the act of the General Assembly of the State of Indiana, entitled 'An act concerning drainage,' approved March 6, 1905." The court below held the proviso effective, and that it entitled the remonstrants to a dismissal of the proceeding.

The act of 1907, *supra,* is the result of a public agitation of the subject of drainage laws. It purports to provide a new and complete system. It repeals "all laws and parts of laws heretofore enacted in relation to drainage." Pending cases may be concluded, but must be concluded under the new law, and not under the old, except proceedings begun under the act of 1905 (Acts 1905, p. 456, §§5622-5635 Burns 1905). Manifestly, the whole subject was before the legislative mind—not only the rights, remedies and procedure to be granted to future litigants, but also those to be substituted for litigants whose proceedings were then pending and in *fieri.*

It is well to bear in mind that the law containing the proviso heretofore quoted repealed the law under which this proceeding was begun, without any saving provision other than the right to conclude pending cases under the provisions of the new law. In other words, all rights and remedies awarded by the old law were extinguished by its repeal. *Taylor* v. *Strayer* (1906), 167 Ind. 23, 119 Am. St. 469; *State, ex rel.,* v. *Helms* (1894), 136 Ind. 122, 133; *Rupert* v. *Martz* (1888), 116 Ind. 72, 76.

The right to enter upon another's land and dig ditches for drainage is unknown to the common law. The right is purely statutory. The legislature may grant it, and take it away, at will. That body may also prescribe, modify and substitute the terms and conditions of its enjoyment. There is no doubt of the legislative power to give to those who are called upon to bear the cost of such an improvement the right to discontinue it at any time while the same remains in *fieri;* and, upon the repeal of a statute, there is no doubt of the power to extend to persons, affected by the proceedings pending on such repealed statute, remedies different in order from those allowed to parties to be affected by future proceedings.

Appellant insists that the record shows that there had been

two remonstrances, signed by two-thirds of the landowners affected by the proposed drain, previously filed in this case, and that the proviso in question is not therefore applicable. We cannot yield to this insistence. The record shows that two papers styled remonstrances, purporting to be signed by two-thirds of the landowners affected by the proposed drain, had previously been filed in the proceeding, and dismissed on motion—dismissed, no doubt, because at the time of filing there was no statute that recognized any such "remonstrance." The provision for a dismissal of the proceeding, upon the filing of a two-thirds remonstrance, was repealed by implication, that is, by being wholly omitted from the statute as amended in 1903 (Acts 1903, p. 504). The filing of such a paper, without authority of law, was nugatory, and the effect precisely the same as if none had been filed, and the matter should be so treated. The evident intention of the legislature was that the remonstrance referred to in the proviso should have been one authorized by statute. If the paper that was filed had been so authorized, it would have been successful, and there could have existed no necessity for one in 1907. The circuit court, in effect, held that no such paper had been filed in the previous proceedings, and we see no reason for condemning the ruling.

It is further contended by appellant that the proviso is void for uncertainty, in that it fails to define what action the court shall take upon the filing of a sufficient two-thirds remonstrance to the report of the drainage commissioners; whether the court shall set aside the report and refer it back to the commission, or dismiss the proceeding. The provision is indefinite in this respect, but when considered in connection with the duty of the court, as defined with respect to similar remonstrances provided by statute, and in force since 1885, and reënacted in the eight lines next preceding the questionable proviso, it becomes reasonably certain that the legislature intended that the judgment

of the court in such cases shall be a dismissal of the petition, or, in other words, an end of the proceeding.

The claim is also made that the act of 1907, *supra*, is violative of article 4, §19, of the state Constitution, which provides that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title." The title of the act is as follows: "An act concerning drainage, and repealing laws in conflict." It is asserted that the absence from the title of any mention of "pending proceedings" vitiates the statute. We think not. A provision for concluding proceedings, begun under a statute repealed by a new act, is a subject properly connected therewith, and it is not necessary that all matters properly connected with the subject-matter shall be expressed in the title. *Republic, Iron, etc., Co.* v. *State* (1903), 160 Ind. 379, 62 L. R. A. 136; *Parks* v. *State* (1902), 159 Ind. 211, 59 L. R. A. 190; *Isenhour* v. *State* (1901), 157 Ind. 517, 87 Am. St. 228; *Clarke* v. *Darr* (1901), 156 Ind. 692; *Chicago, etc., R. Co.* v. *State, ex rel.* (1899), 153 Ind. 134.

Among the special findings of the court is the following, in substance: That the whole number of persons, whose lands are affected and assessed for the construction of said drain, and who are residents of Huntington and Whitley counties, is 516; that 372 of said persons signed the remonstrance filed April 17, 1907, and 144 of said persons did not sign said remonstrance. The finding shows that twenty-eight more than two-thirds of all the resident persons in both counties affected by the construction of the proposed drain, executed the remonstrance that was filed, on April 17, 1907, to the report of the drainage commissioners, under the proviso before us. The finding is the legal conclusion of the court, not from the pleadings, but from the evidence before it, and must be accepted by us as conclusive.

We have examined the various assignments, and, so far as

they are at all material in this appeal, they are disposed of by what has been decided. We, therefore, find no error, and the judgment is affirmed.