## BOARD OF COMMISSIONERS OF THE COUNTY OF MARION v. SCANLAN.

[No. 22,205.   Filed June 7, 1912.]

1.   STATUTES.—*Subjects and Titles of Acts.*—Where the title of an act embraces but one subject and matters properly connected therewith, which subject is expressed therein, as required by the Constitution, article 4, §19, and the title is of such character as fairly to apprise the legislators and the public in general of the subject-matter of the legislation, so as to lead to inquiry in the body of the bill, or indicates some particular branch of legislation as a head under which the particular provisions of the act may reasonably be looked for, it is sufficient without all matters connected with or germane to the subject of the act being embraced therein. p. 145.

2.   STATUTES.—*Subjects and Titles of Acts.*—*"Subject."*—*"Matters."* —The word "subject" as used in the Constitution, article 4, §19, providing that the title of an act shall embrace but one subject and matters properly connected therewith, indicates the thing about which the legislation is had, and the word "matters" indicates the incident or secondary things necessary to provide for its complete enforcement. p. 147.

3.   INTOXICATING LIQUORS.—*Regulation.*—*"Proctor Law."*—*Cumulative Act.*—The act known as the "Proctor law" (Acts 1911 p. 244), for the regulation of the liquor traffic, is a cumulative and supplemental act, except as it is in actual conflict with other statutes. p. 147.

4.   STATUTES.—*Titles.*—*Repeal.*—*Sufficiency of Title of Repealing Act.*—The repeal of a former law by the enactment of a new one is indicated by a title apt for the new legislation, without the subject of repeal being mentioned in the title. p. 147.

5.   STATUTES. — *Construction.* —*Transposing Parts of Statute.*— Where it is apparent, in the construction of a statute that a proviso thereof should have been added to a different section of the statute than that in which it is found, the court is authorized to transpose such proviso to its proper place so as to give to the statute a sensible effect. p. 148.

6.  INTOXICATING LIQUORS.—*Suspension of License.—Procedure.—Proceedings by Board of Commissioners.—Nature of Proceedings.—Right of Review.—Statute.*—Under the act known as the "Proctor law" (Acts 1911 p. 244), proceedings to determine the question of revocation or suspension of a liquor license may be started by the board of commissioners on its own motion, upon charges and notice to the licensee, as well as by action of a voter, and the proceedings are of an adversary character and subject to review on appeal from the board of commissioners. p. 151.

From Superior Court of Marion County (84,382) ; *Roscoe O. Hawkins,* Special Judge.

Proceedings by the Board of Commissioners of the County of Marion against James Scanlan to suspend or revoke a license granted to him for the sale of intoxicating liquors. From a judgment for defendant, the Board of Commissioners appeals. *Reversed.*

*Ernest T. Brown* and *George Shirts,* for appellant.

*William N. Harding, Alfred R. Hovey* and *Omer U. Newman,* for appellee.

MYERS, J.—The Board of Commissioners of the County of Marion, Indiana, at its July term, 1911, made and specified on its own motion certain charges against appellee, by a proceeding entitled "In the matter of charges against James Scanlan, Licensee," directed "To James M. Scanlan, 38 and Kissel Sts City."

The charges are as follows: "On complaint lodged with the Board of Commissioners of Marion County, Indiana, the following separate charges are hereby preferred against you, pursuant to Section 19 of a law enacted by the General Assembly of Indiana at its Regular Session of 1911, and entitled 'An act concerning intoxicating liquors', approved March 4th, 1911: 1. That on the 12th day of July, 1911, you were tried, plead guilty and fined in the Criminal Court of Marion County, Indiana, of having sold intoxicating liquors at an hour when the sale of such liquors is prohibited by law, all as provided by section 8326 Revised Statutes of

1908. 2. That you were, in fact, guilty on the 23d day of March, 1911, of selling intoxicating liquors at an hour when such sale is prohibited by law all as provided in Section 8326 Revised Statutes of 1908, being section 3 of the Nicholson Law. The Board will hear evidence on said charges beginning at nine o'clock a. m. Tuesday, on the 8th day of Aug. 1911, at its office at the Court House of Marion County, Indiana. You are hereby commanded to take notice of the time and place of said hearing and show cause, if any, why your license to sell intoxicating liquors at retail should not be suspended or revoked as the case may be.'' These charges were signed by the persons comprising the board of commissioners as such. A copy of these charges was served on appellee. On hearing before the board, appellee was found guilty, and the judgment was that his license be suspended for a definite period, from which judgment he appealed to the Superior Court of Marion County. In that court a demurrer was addressed to the complaint and charges, on the ground that the complaint does not state facts sufficient to constitute a cause of action against this defendant, the grounds of which here presented, are as follows: (a) That no verified complaint was filed in the office of the auditor of Marion county, Indiana, by a voter of the city or the township in which the license was issued. (b) The act of the General Assembly of the State of Indiana, approved March 4, 1911 (Acts 1911 p. 244), is unconstitutional, void and of no effect, because the title thereof is repugnant to article 4, §19, of the Constitution of the State of Indiana, and that the subject embraced in the sections under which this proceeding is instituted is in noway referred to or embraced within the title to the act in which they are incorporated, the title to said act being only as follows ''An Act concerning intoxicating liquor.'' (c) That there is no right of appeal.

The demurrer was sustained. Appellant excepted, and refusing to plead further, electing to abide by such ruling, the court rendered final judgment thereon that the board of

commissioners take nothing by the action, and that appellee recover from the board his costs.

The error assigned is that the court below erred in sustaining this demurrer.

The propositions of appellant are (a) that under the act of 1911, *supra,* boards of commissioners have the power of their own motion to prefer and try charges against a licensed saloon-keeper as to alleged violations of the law, and on conviction to suspend or revoke the license, and (b) that the charges here made are sufficient.

Appellee's position is substantially that taken by the different specifications of his demurrer.

The point is vigorously presented by appellee's learned counsel, that the title of the Proctor law "is so general that it states neither the subject of the law, nor even the object sought to be accomplished," and "that the means by which the object of the act is to be accomplished are wholly lacking, and that the title gives no information of the statutory means to be used to accomplish the object of the legislature."

The title of the act is "An Act concerning intoxicating liquor."

It is not necessary that all matters connected with, or germane to the subject of an act shall be embraced in the title. It is sufficient that the title shall "embrace but one

1. subject and matters properly connected therewith, which subject shall be expressed in the title" (Const. Art. 4, §19), and that it is of such character as fairly to apprise the legislators and the public in general of the subject-matter of the legislation, so as to lead to inquiry into the body of the bill, or indicate some particular branch of legislation as a head under which the particular provisions of the act may reasonably be looked for, and it need not set out all the matters properly connected with, or germane to the subject-matter of the act. *Kaufman* v. *Alexander* (1909), 173 Ind. 136, 88 N. E. 502; *Knight & Jillson Co.*

v. *Miller* (1909), 172 Ind. 27, 87 N. E. 823, 18 Ann. Cas. 1146; *Mull* v. *Indianapolis, etc., Traction Co.* (1907), 169 Ind. 214, 81 N. E. 657; *Western Union Tel. Co.* v. *Braxton* (1905), 165 Ind. 165, 74 N. E. 985; *Baltimore, etc., R. Co.* v. *Town of Whiting* (1903), 161 Ind. 228, 68 N. E. 266; *Republic Iron & Steel Co.* v. *State* (1903), 160 Ind. 379, 66 N. E. 1005, 62 L. R. A. 136; *State* v. *Bailey* (1901), 157 Ind. 324, 61 N. E. 730, 59 L. R. A. 435; *Isenhour* v. *State* (1901), 157 Ind. 517, 62 N. E. 40, 87 Am. St. 228; *Parks* v. *State* (1902), 159 Ind. 211, 64 N. E. 862, 59 L. R. A. 190; *Swartz* v. *Board, etc.* (1902), 158 Ind. 141, 63 N. E. 31; *Clarke* v. *Darr* (1901), 156 Ind. 692, 60 N. E. 688; *Maule Coal Co.* v. *Partenheimer* (1900), 155 Ind. 100, 55 N. E. 571, 57 N. E. 710; *Chicago, etc., R. Co.* v. *State, ex rel.* (1899), 153 Ind. 134, 51 N. E. 924; *State* v. *Arnold* (1895), 140 Ind. 628, 38 N. E. 820; *State, ex rel.,* v. *Kolsem* (1891), 130 Ind. 434, 29 N. E. 597, 14 L. R. A. 566. Under titles such as "An act concerning highways," see *Smith* v. *Board, etc.* (1910), 173 Ind. 364, 90 N. E. 881; *South East, etc., R. Co.* v. *Evansville, etc., R. Co.* (1907), 169 Ind. 339, 82 N. E. 765, 13 L. R. A. (N. S.) 916, 14 Ann. Cas. 214, and *Bright* v. *McCullough* (1866), 27 Ind. 223; "An act concerning drainage," *Kaufman* v. *Alexander, supra,* and *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161; "An act regulating descents and the apportionment of estates," *Sliers* v. *Mundy* (1910), 174 Ind. 651, 92 N. E. 374; "An act defining certain felonies and prescribing punishment therefor," *Peachee* v. *State* (1878), 63 Ind. 399; "An act concerning public offenses and their punishment," *Lewis* v. *State* (1897), 148 Ind. 346, 47 N. E. 675; "An act to provide for the valuation and assessment of the real and personal property, and the collection of taxes in the State of Indiana," *State, ex rel.,* v. *Board, etc.* (1866), 26 Ind. 522; "An act for the incorporation of railroads," *Shipley* v. *City of Terre Haute* (1881), 74 Ind. 297. See, also, *Chicago, etc., R. Co.* v. *State, ex rel.* (1899), 153 Ind. 134, 142, 51 N. E. 924.

"General provisions in relation to railroads," 1 R. S. 1852 p. 421; "An act concerning municipal corporations," Acts 1905 p. 219; "An act concerning public offenses," Acts 1905 p. 584—and many others. All the details of acts attendant on the general subject have been held germane to, and embraced under the title. *Kaufman* v. *Alexander, supra.*

The word "subject" in the Constitution (article 4, §19) indicates the thing about which the legislation is had, and the word "matters" the incident or secondary things 2. necessary to provide for its complete enforcement. *Mull* v. *Indianapolis, etc., Traction Co., supra; Grelle* v. *Wright* (1896), 145 Ind. 699, 44 N. E. 1119; *State* v. *Gerhardt* (1896), 145 Ind. 439, 44 N. E. 469, 33 L. R. A. 313; *Zapf* v. *State* (1896), 145 Ind. 696, 44 N. E. 1119; *Dinnin* v. *State* (1896), 145 Ind. 697, 44 N. E. 1119; *Hingle* v. *State* (1865), 24 Ind. 28.

Under what more leading subject would one look, to expect to find enactments to carry liquor legislation into effect, than under a title "An act concerning intoxicating liquor," as broad enough to cover every branch of licensing and regulating the liquor traffic.

Besides the body of the act (§28) discloses that it is a cumulative and supplemental act, except as it is in actual conflict with other statutes, and the act of 1875 (Acts 3. 1875 p. 55), the Nicholson law (Acts 1895 p. 248), the Moore law (Acts 1905 p. 7) and the act of March 16, 1907 (Acts 1907 p. 689), have quite full titles on the subject of licensing and regulating.

It has been held that the repeal of a former law by the enactment of a new one is indicated by a title apt for the new legislation, without the subject of repeal being 4. mentioned in the title. *Gabbert* v. *Jeffersonville R. Co.* (1858), 11 Ind. 365.

We have no difficulty in adjudging the title of the act as sufficient, and we are advised by the briefs that this view was entertained by the learned trial judge.

It appears from the legislative journals, that when senate bill No. 244 came to the house, §19 of the bill was as it now appears, except the third proviso to the section.

Representative Wise, moved "to amend engrossed senate bill No. 244, by adding the following to §19 of the printed bill." Then follows the third proviso of §19, which amendment was adopted. House Journal (1911) pp. 1482, 1483.

Section 20 provides for the institution of complaints by voters before boards of commissioners to revoke or suspend licenses.

It is apparent that the proviso was intended to be added to §20 instead of to §19, for both sections were complete without it, and authorized the institution of proceedings on the initiation of the board, or that of a voter, and the proviso confers concurrent jurisdiction on the board and on "any circuit or superior court" when an application is made for *revocation or renewal or transfer* of a license.

As §19 was complete in itself, and required no *application* to be made beyond the initiation of the board, the word "application" in the proviso must refer to application by a voter, and by transposing this proviso to §20, the solution is plain, and we are warranted in thus transposing the proviso to its proper connection and subject, when, as here, the purpose and intention are plain, and the statute should be construed so as to give a sensible effect to every part. *Criswell* v. *Montana Cent. R. Co.* (1895), 17 Mont. 189, 42 Pac. 767; *State, ex rel.,* v. *Zanesville, etc., Road Co.* (1865), 16 Ohio St. 308; 2 Lewis's Sutherland, Stat. Const. (2d ed.) §516; *State* v. *Cross* (1898), 44 W. Va. 315, 29 S. E. 527; *Inhabitants, etc.,* v. *County Com.* (1891), 83 Me. 429, 22 Atl. 376; *Lowell* v. *Washington County R. Co.* (1897), 90 Me. 80, 37 Atl. 869; *McKee Land, etc., Co.* v. *Swikehard* (1891), 51 N. Y. Supp. 399, 23 Misc. 21; *Earhart* v. *State* (1889), 67 Miss. 325, 7 South. 347; *Hutchings* v. *Commercial Bank* (1895), 91 Va. 68, 20 S. E. 950; *Abernathy* v. *Mitchell* (1901), 113 Ga. 127,

38 S. E. 303; *Ball* v. *Mapp* (1901), 114 Ga. 349, 40 S. E. 272; *Donlon* v. *Jewett* (1891), 88 Cal. 530, 26 Pac. 370; *Waters* v. *Campbell* (1876), 4 Sawyer 121, Fed. Cas. No. 17,264; *Matthews* v. *Commonwealth* (1868), 18 Gratt. 989; *State, ex rel.,* v. *Forney* (1887), 21 Neb. 223, 31 N. W. 802; *Babcock* v. *Goodrich* (1874), 47 Cal. 488; Endlich, Interp. of Stat. §295.

But there is another strong reason for our conclusion that such transposition should be made, as indicative of the legislative intent.

The general subject of issuing license to sell intoxicating liquors is committed to boards of commissioners, as to places, conditions and the fitness of applicants, and we have recently held, under a cognate act (*Atkinson* v. *Disher* [1912], 177 Ind. 665, 98 N. E. 807), that the matter of selection among applicants, where there is a surplus, is committed solely to that body, and said §19 evinces a legislative intent to confer further powers for summary action upon boards of commissioners, as excise officers, in furtherance of their powers of licensing and regulating, and plenary powers are given them to act summarily.

Prior to this time, power of revocation of license was vested in circuit, superior, criminal, justice and police courts, mayors of cities and presidents of boards of trustees of towns (§8327 Burns 1908, Acts 1895 p. 248, §§8893, 8682 cl. 8 Burns 1908, Acts 1905 p. 219). Whether they still have the power we need not determine.

The power is now also vested in boards of commissioners, and in circuit and superior courts, at least, as further evidence of the legislative intent to extend the power of regulation of the liquor traffic, and the history of the times and of the legislation of this State evinces an intention to extend, rather than to relax or restrict surveillance.

It will be noted that by §20, *supra,* the provision for complaint by a voter before the board of commissioners is for "revocation or suspension of such license", while the terms

of the proviso attached to §19, *supra,* as to jurisdiction of circuit or superior courts, restricts it to "the revocation of a license, or renewal or transfer thereof," but does not include the subject of suspension.

A rule of construction of a proviso should not be adopted which will defeat a prior enactment, or the purview of an act, by reason of repugnancy or nullification, or will itself be void by reason of such repugnancy, but one which will give all parts of the act effect if possible, by assigning to a proviso its proper place, as excepting something from the act, or qualifying some feature or features of it, and the construction claimed by appellee for said §19 is claimed by him to destroy the prior portion of the section, which authorizes action on motion of boards of commissioners, while as applied to §20 it is in full accord with the latter, both in language and purpose, and consistent with the express intent to separate, and to provide for two distinct proceedings; except that proceedings, both for revocation and suspension of license, may be had before boards of commissioners on application of a voter, but only proceedings for revocation of a license or a renewal or transferred license may be instituted in circuit or superior courts.

But even if we take §19 as it reads, there is no difficulty in its application.

Suppose instead of §§19, 20 being divided as they are, they were included in one section? Being adopted at one time as part of one general system, we should have no difficulty if the third proviso of §19 remains where it is, in connection with the following matter, in §20, in understanding that two classes of proceedings for revocation or suspension are provided for. The last clause and the last clause of §20 of the proviso, and the requirement under the proviso, that application may be made "by the applicant complying with the requirements as is provided for the same proceedings before the board of commissioners," further enforce the proposition, and is a sufficient indication that the "applicant"

must be a voter, and both proceedings might find scope for their operations under the act, if drawn as one section, even without transposition of the proviso.

An instructive case is *Newman* v. *Lake* (1905), 70 Kan. 848, 79 Pac. 675. See, also, *Parrent* v. *Little* (1904), 72 N. H. 566, 58 Atl. 510; *In re Halbran* (1900), 63 N. Y., Supp. 1024, 30 Misc. 515.

We hold, therefore, that boards of commissioners may proceed on their own motion, upon charges and notice to a licensee, summarily to determine the question of revocation or suspension of license, and that a voter may also put the proceedings in motion upon charges and notice, as in case of action by boards of commissioners, and such action is of an adversary character, and that the proceedings in cases before boards of commissioners are the subject of review on appeal under §22 of the act, and that the cause is the subject of appeal under the general statute.

The judgment is reversed, with instructions to the court below to overrule the demurrer to the complaint or charges, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 98 N. E. 801. See, also, under (1) 36 Cyc. 1017, 1028; 64 Am. St. 74; 20 Ann. Cas. 323; (2) 36 Cyc. 1022; (4) 36 Cyc. 1031; (5) 36 Cyc. 1163; (6) 23 Cyc. 158, 159.