HERMAN *v*. DRANSFIELD.

[No. 26,583. Filed March 23, 1936.]

*Frank Millis*, for appellant.

*Carey & Cox* and *John A. Lewis*, for appellee.

ROLL, C. J.—This is an action brought by appellee against appellant to recover damages occasioned by an

automobile collision. The collision occurred June 18, 1934, on State Road 52, near the town of Royalton, Boone County, Indiana.

Appellant is a non-resident of the State of Indiana and service of process was had upon the Treasurer of State (Secretary of State) under the provision of ch. 179, sec. 15, Acts 1931.

Appellant appeared specially to the action and filed his motion to set aside the service and quash the return endorsed on the summons issued by the Clerk of the Marion Superior Court under date of July 17, 1934. The reasons assigned are based upon the fact that appellant was a non-resident of the state, and was a resident of the State of Illinois, and that he was not personally served with summons but that the purported service was obtained by serving the Treasurer of State (Secretary of State, prior to 1933), as provided in the above statute. This motion was overruled and proper exceptions saved.

There was a trial by a jury, and a verdict for appellee. From the judgment entered for appellee, this appeal was perfected and the only question involved in this appeal is the validity of §15 of Chapter 179 of the Acts of 1931 (Acts 1931, p. 636).

Appellant contends that said act is unconstitutional and void as being in violation of §19 of Article 4 of the State Constitution, which provides:

"Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The title to the act here in question reads as follows:

"AN ACT concerning the financial responsibility of owners and operators of motor vehicles for dam-

ages caused by the operation of motor vehicles on public highways."

Section 15 of said act provides:

"The operation by a non-resident, or by his duly authorized agent, or (of) a motor vehicle upon a public street or highway of this state shall be deemed equivalent to an appointment by such non-resident of the secretary of state, or his successor in office, to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him, growing out of any accident or collision in which such non-resident may be involved while so operating or so permitting to be operated a motor vehicle or (on) any such street or highway, and such operation shall be signification of his agreement that any such process against him, which is so served, shall be of the same legal force and validity as if served upon him personally. Service of such process shall be made by leaving a copy thereof, with a fee of two dollars, with the secretary of state, or in his office, and such service shall be sufficient service upon said non-resident, provided that notice of such service and a copy of the process are forthwith sent by registered mail to the defendant, and the defendant's return receipt is appended to the original process and filed therewith in court. The court in which the action is brought may order such continuances as may be reasonable to afford the defendant opportunity to defend the action."

Appellant argues that, as §15 provides for service on non-residents, and the title to the act does not embrace the subject of service of process on non-residents, ▆▆ it is void and unconstitutional: Where the general subject of an act is expressed in the title, it is not necessary that the matters properly connected therewith shall be also expressed in the title. *Kaufman* v. *Alexander* (1909), 173 Ind. 136, 88 N. E. 502; *Wright* v. *House* (1919), 188 Ind. 247, 121 N. E. 433; *Sarlls, City Clerk* v. *State ex rel. Trimble et al.* (1929), 201 Ind. 88, 166 N. E. 270. It is not necessary that the title should contain a complete abstract of the contents of

an act. If the title expresses the general purpose of the act, everything contained in the body of the act which is germane to such purpose or properly connected therewith as a means of making the act effective to accomplish the purpose is covered by the title. In the case of *Western Union Tel. Co.* v. *Braxtan* (1905), 165 Ind. 165, 74 N. E. 985, in considering the question here involved, this court said (p. 168) :

> "Furthermore, it should be borne in mind that the general subject of the proposed legislation is all that properly belongs to the title of an act, and that the title's exclusive office is to apprise those who shall be called on to vote upon it as to what that subject is. The details and means by which it is proposed to make the law effective in accomplishing its purpose must be looked for, not in the title, but in the body of the bill."

Viewed in the light of these well settled rules, the title under consideration seems to be devoid of difficulty. The title announces that the act has to do with ██ the financial responsibility of owners and operators of motor vehicles for damages caused by the operation of motor vehicles on the public highways. A reading of the act discloses the means and method of making the financial responsibility for such damages effective. Section 15 provides the means of serving process on a non-resident in such cases. Service of process is germane to, and properly connected to the subject of financial responsibility of owners and operators of motor vehicles for damages caused by the operation of motor vehicles on public highways.

Consequently ch. 179, Acts 1931, is not subject to the constitutional objection urged by appellant.

Judgment affirmed.