## Lewis *v.* The State.

[No. 18,315.   Filed September 23, 1897.]

STATUTES.—*Amendments.—Title of Act.—Public Offense Act.—Having in Possession Gill Net, or Seine.*—The title of the public offense statute of 1881 (Acts 1881, p. 174) is sufficiently broad and comprehensive to include the offense of having in possession a gill net, or seine, as defined in the amendatory act of 1889 (Acts 1889, p. 102). *p. 348.*

SAME.—*Title of Act.—Construction.*— The degree of particularity with which the title of an act shall express the subject thereof is not defined by the constitution, but rests with the legislature, and courts will not condemn an act of the legislature for the reason alone that the subject thereof is not fully expressed in the title. *p. 348.*

SAME.—*Public Offense Act.—Having in Possession Gill Net, or Seine.* —Section 2 of the act of 1889 (Acts 1889, p. 102), making it a misdemeanor for any person to have in his possession any gill net, or seine, is but a continuation of section 209 of the public offense act of 1881 as by the act of 1889 amended, and the mere fact that it is divided into two sections instead of one does not result in rendering any part of the act invalid. *p. 349.*

SAME.—*Amendments.—Title.*—An amendatory statute is not to be regarded independently of the one which it amends, but may be so framed as to serve to amend certain parts and add such supplementary sections as are embraced in and connected with the subject expressed in the title of the original act. *p. 349.*

SAME —*Manner of Enactment.*—A statute bearing the attestation of the presiding officers of the respective houses of the legislature imports absolute verity, and is conclusive evidence that the statute was in all things duly passed in conformity with the requirements of the constitution. *p. 350.*

From the Lake Circuit Court. *Affirmed.*

*Willis C. McMahan,* for appellant.

*W. A. Ketcham,* Attorney - General, and *Merrill Moores,* for State.

JORDAN, J.—Appellant was convicted of the offense of having in his possession a certain gill net, or seine, in violation of the provisions of the amendatory statute approved March 5, 1889, section 2229, Burns' R. S. 1894 (Acts 1889, p. 102). Motions to quash the information, and in arrest of judgment were each overruled, and the rulings of the court thereon are assigned as errors.

Counsel for appellant urges no objections to the form of the information, but assails the constitutional validity of the law upon which it is based, substantially upon the grounds that it violates the following provisions of the constitution.

*First*—Article 4, section 19, which requires that "every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title."

*Second*—Article 4, section 21, by seeking to amend the act of 1881 defining public offenses by a mere reference to its title.

*Third*—Article 4, section 18, that the bill for the act in question does not appear to have been read on three several days and then passed by a yea and nay vote, as required by this section of the constitution. The statute in controversy amended section 209 of the public offense act, approved April 14, 1881 (Acts 1881, p. 174). This latter act was entitled: "An act concerning public offenses and their punishment," and section 209, prior to its amendment, imposed a fine upon any person who, during the months of March, April, May, November, or December of each year, should take, with a gig or spear, fish from the waters therein mentioned, or who should be guilty of taking fish therefrom with a net, seine, gun, or trap, of any kind, or set net, weir, or pot in such waters, and also made it a penal offense for any person to keep a net or seine to let, or to loan,

or let the same, for the purpose of fishing in the lakes or streams of this state in violation of the provisions of the act. The amendatory act of 1889, *supra*, was entitled, "An act to amend section 209 of an act entitled, 'An act concerning public offenses and their punishment,' approved April 14, 1881, the same being section 2117, R. S. 1881, and declaring an emergency." The amendment materially changes and enlarges the penal provisions of section 209 as originally enacted, and then proceeds, by what is numbered section 2, to declare it to be a misdemeanor for any person to have in his possession any gill net or seine, etc., and prescribes the punishment to be assessed in the event of a conviction; and this provision seems to be the one upon which this prosecution rests. That the title of the public offense statute of 1881 is sufficiently broad and comprehensive to embrace or include the offense of which appellant was convicted as defined by the amendatory act, in view of former decisions of this court, cannot be successfully questioned. See *Bitters* v. *Board*, etc., 81 Ind. 125; *Elder* v. *State*, 96 Ind. 162; *Hedderich* v. *State*, 101 Ind. 564, 51 Am. Rep. 768; *Barnett* v. *Harshbarger*, 105 Ind. 410; *Benson* v. *Christian*, 129 Ind. 535.

The degree of particularity with which the title of an act is to express the subject thereof, is not defined by the constitution, and rests with the legislature. Courts, in this respect, are inclined to entertain and adhere to a liberal rule, and will not condemn an act of the legislature for the reason alone that the subject thereof is not as fully expressed as it otherwise might have been. *Shoemaker* v. *Smith*, 37 Ind. 122. Appellant's learned counsel, however, insists that section 2 of the act of 1889, does not purport to amend section 209 of the law of 1881, but creates a new offense and provides for its punishment, and that the purpose of

the former act should have been expressed in its title. It must be conceded that the statute is a specimen of awkard and bungling legislation, which seems to have resulted in dividing section 209 into two paragraphs. It is apparent that the provisions of section 2 could have been properly embodied in section 209, and, in effect, they are but a continuation of the latter section as amended, and may be so treated and considered. Section 2 declares that other acts, not originally mentioned in section 209, shall constitute a misdemeanor. It is evident that these provisions are germane to, properly connected with, and embraced in the subject expressed in the title of the act of 1881. Where the title of an original act is sufficiently broad to include the provisions embraced in an amendatory one, it is not essential that the title of the latter, in this respect, be of itself sufficient. *Brandon* v. *State*, 16 Ind. 197; *Shoemaker* v. *Smith, supra.*

Strictly speaking, an amendatory statute is not to be regarded independently of the one which it amends. It may be so framed as to serve to amend certain parts and add such supplementary sections as are embraced in, and connected with the subject expressed in the title of the original act. *Shoemaker* v. *Smith, supra; Blakemore* v. *Dolan*, 50 Ind. 194.

The title of the act of 1889 referred to the section, and indicated the act to be amended, and in the enacting part thereof it was declared, "that section 209 of the above entitled act be amended to read as follows." Then follows, at full length, the provisions ingrafted into the statute by the amendment. The title of the amendatory act was sufficient, and the mere fact that its provisions are divided into two paragraphs or sections, instead of being confined to one, does not result in rendering any part of the act invalid. *Underwood* v. *McDuffee*, 15 Mich. 367, 93 Am. Dec. 194; *Swart-*

*wout* v. *Michigan, etc., R. R. Co.*, 24 Mich. 399; *Reed* v. *State*, 12 Ind. 641.

In the case last cited, this court in sustaining the validity of an amendatory act, over objections similar to those urged against the act involved in this appeal, said: "It is again objected that the division of the amendatory act into two paragraphs or sections, is evidence that two subject-matters are included in it; that as the title professes to amend but one section of the old law, that amendment must be contained, and be presumed to be so contained, in the section of the amendatory enactment within which the old law to be amended is set forth.

"Upon the question of numbering and paragraphing, the authority last referred to is as follows: 'The numbers prefixed to the several sections, paragraphs, or resolutions, which constitute a proposition, are merely marginal indications, and no part of the text of the proposition itself; and, if necessary, they may be altered or regulated by the clerk, without any vote or order of the House.' "

Whether the bill for the act in dispute was read in the General Assembly, and enacted into a law in the manner required by the constitution, we need not inquire. The law comes to us bearing the attestation of the presiding officers of the respective houses of the legislature, and that this imports absolute verity, and is conclusive evidence that the statute was, in all things, duly passed in conformity with the requirements of the constitution, is a question now firmly settled by our decisions. *Evans* v. *Browne*, 30 Ind. 514, 95 Am. Dec. 710; *Western Union Tel. Co.* v. *Taggart, Aud.*, 141 Ind. 281, and cases there cited. The validity of this statute as a proper police regulation was affirmed in the case of *State* v. *Lewis*, 134 Ind. 250.

It follows, for the reasons stated, that the objec-

tions urged by appellant are not tenable, and the validity of the law is sustained and the judgment affirmed.