## BALDWIN *v.* STATE OF INDIANA.

[No. 24,144. Filed November 15, 1923. Rehearing denied February 20, 1924.]

1. STATUTES.—*Title.*—The title of Acts 1913 p. 779, reading "An act defining motor vehicles and providing for the registration, numbering and regulation of same, etc.," was sufficient to cover a provision for the collection of a license, or registration fee. p. 305.

2. STATUTES.—*Title.*—*Subject to be Expressed.*—It is only the subject of the act and not the matters properly connected therewith that need to be expressed in the title. p. 306.

3. LICENSES.—*Authority.*—The authority to regulate includes the authority to license. p. 306.

4. STATUTES.—*Covering More than One Subject.*—Acts 1921 p. 579, §10472 Burns' Supp. 1921, which is an act pertaining to motor vehicles, the regulation and operation thereof, which provides for a license or registration fee for all motor vehicles, does not violate Art. 4, §19 of the Constitution, §115 Burns 1914, restricting an act to one subject and matters properly connected therewith. p. 306.

5. CONSTITUTIONAL LAW.—*Equal Protection of Law.*—*Discriminatory Legislation.*—*Classification.*—Acts 1921 p. 579, §10469 Burns' Supp. 1921, providing for a graduated fee or toll charge, for all motor vehicles, determined according to horse power, as a part of a regulatory act, is a reasonable classification and constitutional. p. 307.

6. CONSTITUTIONAL LAW.—*Classification.*—*Reasonableness.*—A reasonable classification for purposes of legislation is not prohibited by either the federal or the state constitution, if the law operates alike upon all persons similarly situated, and it will be upheld unless it is so manifestly inequitable and unjust that it would burden one class more than another without reasonable distinction. p. 307.

7. CONSTITUTIONAL LAW.—*Classification.*—*Legislative Question.*—Classification for the purposes of legislation is primarily for the legislature to determine, and is never a judicial question if the classification can under any circumstances be viewed as reasonable; when a classification is questioned, the existence of such circumstances or such state of facts upholding it, must be presumed. p. 307.

8. HIGHWAYS.—*Licenses for Use.*—*Power to Levy.*—The legislature has plenary control over the streets and highways, except where it has conferred that power upon municipalities, and can provide for a license to be collected by the state from vehicles for the use of streets or highways. p. 308.

9. CONSTITUTIONAL LAW.—*Class Legislation.*—*Right to Complain.*—The driver of a motor truck who violates the statute (§10469 Burns' Supp. 1921) requiring licenses on all motor vehicles, by driving without any number plates, cannot be heard to complain of the invalidity of a provision of such law classifying vehicles for a graduated fee according to tonnage capacity, as class legislation, since he violated the statute in any view of the case.  p. 309.

10. HIGHWAYS.—*Automobile Licenses.*—*Liability of Driver.*— The provision of Acts 1921 p. 579, §10472 Burns' Supp. 1921, making it unlawful to operate a motor vehicle on a public street without the number plates displayed, is not limited to the owner of the vehicle, but pertains to the driver as well. p. 310.

11. CRIMINAL LAW.—*Misdemeanors.*—*Accessories.*—All who participate knowingly and intentionally in the commission of a misdemeanor are principals and may be convicted as such. p. 310.

From Marion Criminal Court (52,666); *James A. Collins,* Judge.

Wesley Baldwin was convicted of operating a motor vehicle without displaying number plates, and he appeals. *Affirmed.*

*J. Fred Masters* and *U. Z. Wiley,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GAUSE, J.—Appellant was charged by affidavit with operating a motor vehicle, to wit, a truck, upon public streets and highways in Marion county, Indiana, without displaying any number plates, in violation of Acts 1921 p. 579, §10472 Burns' Supp. 1921.

Appellant filed below a motion to quash said affidavit, specifying in such motion two grounds: (1) "that the affidavit filed against him herein does not state sufficient facts to constitute a public offense; (2) that the affidavit filed herein against the defendants does not state an offense with sufficient certainty."

This motion was overruled, to which the appellant duly excepted, and upon a trial he was found guilty. He filed a motion for a new trial on the grounds that the judgment and finding were not sustained by sufficient evidence, and also were contrary to law, and for alleged error occurring upon the trial in the admission and rejection of evidence, which said motion was overruled, and appellant claims in this appeal that the court below erred both in overruling the motion to quash and in overruling the motion for a new trial.

The evidence showed that appellant was driving and operating a motor vehicle known as a truck, upon the public streets in said county, upon which motor vehicle no number plates were displayed.

It is first contended by the appellant that the title to the act upon which this prosecution was based is not broad enough to authorize or require the payment of a license fee. The act in question requires the payment of a license fee, or toll charge, to secure number plates, which are to be displayed upon the motor vehicle.

1.

The above act amended the act of 1913, Acts 1913 p. 779, and it is the title to this original act which appellant questions. The title of said act reads as follows: "An Act defining motor vehicles and providing for the registration, numbering and regulation of same, defining chauffeurs and providing for the examination and licensing thereof, and providing for punishment for the violation," etc.

It is appellant's contention that nothing in this title would authorize the legislature to embody in the act a provision for the collection of a license fee, or registration fee.

It is only the subject of the act and not the matters properly connected therewith that need be expressed in

the title. The authority to regulate includes the
2, 3. authority to license. *Tomlinson* v. *City of In-
dianapolis* (1896), 144 Ind. 142, 36 L. R. A. 413;
*St. Johnsburg* v. *Thompson* (1887), 59 Vt. 300, 9 Atl.
571, 59 Am. Rep. 731; *Vernor* v. *Secretary of State*
(1913), 179 Mich. 157, 146 N. W. 338, Ann. Cas.
1915D 128.

The title to the act in question, which covers the reg-
istration and regulation of motor vehicles, included the
subject of licensing or collecting a toll therefor and was
sufficient. Note to 52 L. R. A. (N. S.) 949.

It is also contended that the act in question covers
more than one subject and is therefore in violation of
the constitutional provision restricting acts to one sub-
ject. The Constitution restricts an act to one subject
and matters *properly connected therewith*. Art. 4,
§19 Constitution, §115 Burns 1914.

The act here only embraces the subject of motor
vehicles and matters *properly connected therewith*, to
wit, the regulation and operation thereof. *Isen-
4. hour* v. *State* (1901), 157 Ind. 517, 87 Am.
St. 228.

It is claimed by the appellant that the act in question
violates both the Fourteenth Amendment to the Federal
Constitution and also the bill of rights of the Constitu-
tion of Indiana, in that it abridges the privileges and
immunities of citizens and denies them equal protec-
tion of the law, and that it grants to certain citizens, or
classes of citizens, privileges or immunities which do
not upon the same terms belong to all citizens.

The first section of the act of 1921, Acts 1921 p. 579,
§10465 Burns' Supp. 1921, provides that every owner of
a motor vehicle shall make application to the secretary
of state for registration.

Section two of said act, §10467 Burns' Supp. 1921,
provides that the secretary of state shall assign to such

motor vehicle a distinctive number and deliver two number plates therefor to such owner.

Section three of said act, §10472 Burns' Supp. 1921, provides that such number plates shall be conspicuously displayed on such motor vehicle when driving or used upon the public streets, etc.

Section four of said act, §10469 Burns' Supp. 1921, then provides the fees to be paid the secretary of state for such registration, and it is this section which

5. appellant claims is discriminatory and in violation of the above constitutional guaranties. Said section last above referred to first provides for the payment of a certain graduated fee, or toll charge, for *all motor vehicles,* the amount to be determined according to the horse power of the motor vehicle. It then provides for a higher charge for the class of motor vehicles known as trucks, and excepts hearses and funeral cars from the classification of trucks. It is claimed by appellant that this is unreasonable and unauthorized distinction, or classification, which violates his constitutional rights.

A reasonable classification for purposes of legislation is not prohibited by either the federal or state Constitution. All that is required is that the law

6. operate alike upon all persons similarly situated. The classification cannot be arbitrary, but must be reasonable. However, the classification will be upheld unless it is so manifestly inequitable and unjust that it would cause an imposition of a burden on one class to the exclusion of another without reasonable distinction.

It is primarily for the legislature to determine the classification and is never a judicial question unless the classification under no circumstances can be

7. viewed as reasonable. When the classification in a law is questioned, if any state of facts reason-

ably can be conceived that would sustain it, the existence of that state of facts must be presumed.    6 R. C. L. pp. 373-385; *City of Terre Haute* v. *Kersey* (1902), 159 Ind. 300, 95 Am. St. 298.

In the case of *City of Terre Haute* v. *Kersey, supra,* it was held by this court that the legislature might authorize a municipality to impose a properly or reasonably graduated tax, in the nature of a toll, for the privilege of using the streets.

In the above case an ordinance of the city of Terre Haute provided a graduated license or toll charge, which varied according to the size of the vehicle, whether it was drawn by one horse or more, and also as to the use to which the vehicle was put.    The same constitutional objections were urged against that ordinance as are here urged; but the court held the ordinance valid and not violative of any constitutional provisions.

It was further held that the exercise of this power was not the exercise of the police power, but was authorized under the taxing power.    For that reason the fees collected could amount to more than the cost of collection and was a proper method of raising revenue.

It was also held in the above case that the ordinance in question was not in violation of the constitutional provision requiring a uniform rate of taxation, for the reason that such constitutional provision applied to a property tax based upon values and not to license or toll charges, although the purpose of the latter was to raise revenue.

If the legislature can authorize such a license or charge to be collected by a city, for the use of the streets, it can provide for the state doing it, for

8.    the reason that the legislature has plenary control over the streets and highways, except where it has conferred that power upon the municipalities.

This method of raising revenue is one frequently adopted and well recognized.

No objection is urged by appellant to the classification of motor vehicles according to horse power, as provided in the first part of the section of the act in question which fixes the license fees, but it is insisted that the provision in said section stipulating a different rate for motor vehicles defined as trucks and which is based upon the tonnage capacity of the trucks, and excepting funeral cars from that classification, is invalid as being discriminatory, and for the further reason that there is no accurate nor reliable method of determining the tonnage capacity of such vehicles.

The affidavit in this case charged, and the evidence proved, that appellant did not have *any number plates* displayed upon the motor vehicle which he was driving. As above pointed out, the act in question requires the payment of the fees prescribed for all motor vehicles, the amount of the fee being determined by the horse power of the vehicle, and then it contains a proviso as to trucks, which the appellant claims is void.

Even if the proviso were void, such fact would not invalidate the other parts of said section, which would still make it unlawful to operate any motor vehicle upon the highways without displaying number plates. If the proviso as to motor trucks were eliminated, the appellant, in committing the act charged and proven, would still be guilty of a violation of said statute.

9. 

It is not material to appellant whether the proviso relating to trucks is valid or not, for the reason that he violated the statute in any view of the case. He was charged with operating a motor vehicle upon the public highways without displaying any number plates. And the evidence shows that he did this thing prohibited by the statute.

Appellant is in no position to question a part of said law when he would still be guilty as charged, if his contention were upheld.

Appellant contends that as the evidence did not show him to be the owner, but only the driver of the motor vehicle, he cannot be held liable. The statute 10, 11. makes it unlawful to operate a motor vehicle on a public street without the number plates displayed. The provision is not limited to the owner. All who participate knowingly and intentionally in the commission of a misdemeanor are principals and may be convicted as such. *Stratton* v. *State* (1874), 45 Ind. 468; *Merrill* v. *State* (1911), 175 Ind. 139, 44 L. R. A. (N. S.) 439; *Lay* v. *State* (1895), 12 Ind. App. 362; *St. Johnsburg* v. *Thompson, supra.*

The alleged errors discussed by appellant as having occurred upon the trial, in the admission and rejection of evidence, are all related to the other questions herein discussed, and it is not necessary to specifically discuss the same, but it is sufficient to say that in our view of the law there was no error.

Judgment affirmed.