## WHITE *v.* STATE OF INDIANA.

[No. 24,560. Filed July 1, 1924.]

1. STATUTES.—*Constitutionality.*—*Motor Vehicle Act.*—*Subjects and Titles.*—*Matters Embraced.*—The title of the Motor Vehicle Act (Acts 1923 p. 328 amending Acts 1913 p. 779, §10464 *et seq.* Burns 1914), "An act defining motor vehicles and providing for the registration, numbering and regulation of same," etc., *held* to embrace provisions prohibiting the driving of motor vehicles by intoxicated persons and providing punishment therefor. p. 64.

2. STATUTES.—*Constitutionality.*—*Subjects and Title.*—*Matters Expressed Therein.*—It is only the subject of the act, and not matters properly connected therewith, that need be expressed in the title. p. 64.

3. STATUTES.—*Constitutionality.*—*Motor Vehicle Act.*—*Subjects and Title.*—*Embracing More Than One Subject.*—The title of the Motor Vehicle Act (Act 1913 p. 779, §10464 Burns 1914 as amended Acts 1923 p. 328) providing for registration, numbering and regulation, defining chauffeurs and providing for examination and licensing thereof, *held* not violative of Art. 4, §19 of the Constitution in embracing two distinct subjects, as it embraces only one subject, motor vehicles and matters properly connected therewith. p. 65.

From Knox Circuit Court; *Thomas B. Coulter*, Judge.

Prosecution by the State of Indiana against William A. White. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Arnold J. Padgett* and *Arthur A. Clark*, for appellant.

*U. S. Lesh*, Attorney General, and *Owen S. Boling*, for the State.

GAUSE, J.—Appellant was charged in an affidavit with operating a motor vehicle while intoxicated, in violation of chapter 123 of the acts of 1923, Acts 1923 p. 328.

He filed a motion to quash the affidavit on the ground that the facts stated therein do not constitute a public offense. This motion was overruled. Upon a trial he was found guilty and he then moved in arrest of judgment upon the same ground as stated in his motion to quash. This motion was overruled. The overruling of these two motions are the only errors assigned, and under these assignments appellant claims that said act of 1923 is unconstitutional.

Appellant says that the provision of said act which prohibits the operation of a motor vehicle by an intoxicated person is not embraced within the title to 1. said act, as required by Art. 4, §19 of the Constitution of Indiana. Said act amends chapter 300 of the acts of 1913, Acts 1913 p. 779, §10464 *et seq.* Burns 1914, the title to which original act was as follows: "An Act defining motor vehicles and providing for the registration, numbering and regulation of same, defining chauffeurs and providing for the examination and licensing thereof, and providing for punishment for the violation of any of the provisions of this act."

As was said by this court in *Baldwin* v. *State* (1924), 194 Ind. 303, 141 N. E. 343, "It is only the subject 2. ject of the act, and not the matters properly connected therewith, that need be expressed in the

title." The title to this act, by its express terms, covers the regulation of motor vehicles. Certainly, under this title, it would be as proper to embrace provisions prohibiting the driving of a motor vehicle by an intoxicated person, as prohibiting the driving of such vehicle, without license plates, without proper brakes, lights, horns, etc. All of these are matters properly connected with the regulation of such vehicles. See, also, *Jackson, Secy.,* v. *State* (1924), 194 Ind. 248, where we considered what was the subject of the act of 1913, in deciding as to the validity of another amendment to said act.

Appellant also says that the title of said act of 1913 (Acts 1913 p. 779, *supra*) violates said provision of the Constitution, because it embraces two distinct

3. and several subjects, namely, the regulation of motor vehicles, and chauffeurs. This contention of appellant was decided adversely to him in the case of *Baldwin* v. *State, supra,* where the same contention was made, and wherein we held that the act of 1913 only embraced one subject, namely, motor vehicles and matters properly connected therewith.

The amendment of 1923 involved herein is not subject to any of the objections urged against it, and no error was committed by the court in overruling either of the motions filed by appellant.

Judgment affirmed.