DE HAVEN ET AL. *v.* MUNICIPAL CITY OF SOUTH BEND.

[No. 26,700.  Filed March 31, 1937.  Rehearing denied June 8, 1937.]

*Philip Lutz, Jr.,* Attorney-General, *Urban C. Stover,* Deputy Attorney-General, and *J. Clifford Potts,* for appellants.

*Edward Hunter,* and *Harry Taylor,* for appellee.

ROLL, J.—This action was instituted by the City of South Bend against appellants to enjoin the collection of the tax assessed against a portion of the city owned

waterworks. The complaint challenged the constitutionality of §16, Ch. 190, Acts 1933, as being violative of Art. 4, §19, of the constitution. The complaint further questioned the legality of the tax on the ground that §16, Ch. 190, Acts 1933, under which the tax was levied attempts to amend §106, Ch. 76, Acts 1913, and that said §106, *supra*, was repealed by implication by Ch. 169 of the Acts of 1929 and therefore §16 of Ch. 190, Acts 1933, p. 928 was invalid. The complaint further challenged the method adopted in assessing the property by the state board of tax commissioners, and claim is also made that the property attempted to be taxed is exempt from taxation.

Appellants contend that there was no lawful exemption of the property assessed; that it was legally assessed, and that the statute in question is valid.

The legal questions above stated arise upon appellant's demurrer to the complaint, which the trial court overruled; on the agreed statement of the facts, and on the overruling of appellant's motion for a new trial.

The first question presented for our determination is whether Ch. 169, Acts 1929, repealed by implication §106 Ch. 76, Acts 1913, commonly known as the Shively-Spencer Act. The title to said Act reads as follows:

"An act concerning public utilities, creating a public service commission, abolishing the railroad commission of Indiana, and conferring the powers of the railroad commission on the public service commission.

Section 78. of said Act provides, in substance, that any public utility and any person or corporation in interest being dissatisfied with any order of the commission fixing any rate or rates, tolls, charges, schedules, joint rate or rates, or any order fixing any regulations, practices, act or service, may commence an action in the circuit or superior court of any county in which such order of the

commission is operative, against the commission as defendant to vacate or set aside any such order or enjoin the enforcement thereof, and then enumerates the ground upon which any such action could be sustained, and also provides the time limit within which the commission shall answer the complaint. Sec. 79 provides that such suits shall be commenced within 60 days after the entry or rendition of the order complained of, and provides that in case a rehearing has been petitioned for and granted the right of recourse to the courts shall terminate thirty days after the final determination by the commission. Sec. 104 provides the method by which a municipality might acquire a utility by condemnation proceedings. Section 105 provides the method of determining the amount of compensation to be paid for the taking of such public utility. This determination is fixed by the commission after a public hearing, and provides notice to bondholders, mortgagees, lienors, and all persons claiming or having any interest in such public utility. Section 106 provides as follows:

"Any public utility or the municipality or any bondholder, mortgagee, lienor or other creditor of the public utility being dissatisfied with such order, may commence and prosecute an action in the circuit or superior court and thereafter may appeal to the supreme court to vacate or set aside such order or any part thereof, as provided in sections 78 to 86 inclusive, and said sections, so far as applicable shall apply to such action. In all such appeals to the circuit or superior court, the question of compensation shall be tried and fixed by the court without a jury."

This is the section appellees contend was repealed by Ch. 169, Acts 1929, p. 530. The title to said act and sect. 1 thereof is as follows:

"AN ACT concerning review of decisions, rulings, orders, determinations, requirements or directions of the public service commission, repealing all

laws or parts of laws in conflict therewith, and declaring an emergency."

Sec. 1. "That any person, firm, association, corporation, city, town or public utility adversely affected by any decision, ruling, order, determination, requirement or direction of the public service commission may commence an action in the circuit or superior court of any county in which that portion of the utility which is the subject matter of the procedure before the public service commission operates or seeks to operate, against the commission to vacate or set aside or enjoin the enforcement of any such decision, ruling, order, determination, requirement or direction, on the ground that the same is insufficient, unreasonable, unlawful, or procured by fraud or other unlawful methods."

It is clear from a reading of the 1929 Act and also §106 of the 1913 Act, that the 1929 Act does not repeal the 1913 Act by express terms. But appellee contends that it is repealed by implication. The general rules as to repeal by implication are: (1) Repeals by implication are not favored; and (2) Where there are two acts on the same subject, effect should be given to both if possible; and (3) But, if the two are repugnant in any of their provisions, the later act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and even when two acts are not in express terms repugnant, yet if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act. This is the rule adopted in the case of *Kramer* v. *Beebe* (1917), 186 Ind. 349, 355, 115 N. E. 83, and is cited and relied upon by appellee. The court cites a great many authorities in support of the rule it announced. It is not argued by appellee that the provisions of the 1929 Act are repugnant to or in conflict with the provisions of §106 of the 1913 Act. So we cannot say that the latter act repealed the former

because they are in conflict. Appellee says that the repeal was effected because the 1929 Act covers the entire subject contained in §106. We have not been able to find any case that holds this sufficient to effect a repeal by implication. Repeal by implication is a rule of necessity. The 1929 Act in no wise conflicts with §106 of the 1913 Act. Both acts can remain undisturbed as there is no conflict whatever. No one can be injured in any way to hold that §106 is not repealed. The 1929 Act duplicates to some degree the provisions of §106, in that both grants to an aggrieved party the right to resort to the courts for a hearing. We can see no good and sufficient reason to hold, under the circumstances presented here, that the 1929 Act repealed by implication said §106 of the 1913 Act. Appellee has pointed out no rule and we know of none that requires us to conclude that §106, Acts 1913, was repealed by implication by the 1929 Act. On the other hand, §106 can stand unrepealed by all the recognized rules applicable to repeal by implication. *Newbauer* v. *State* (1928), 200 Ind. 118, 161 N. E. 286; *Madden* v. *United States* (1935), 80 Fed. (2d) 672.

Appellee contends that §16, Ch. 190, Acts 1933, is unconstitutional, in that it violates §19 of Article 4, of the state constitution. This section provides that,

> "Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. . . ."

The title to the 1913 Act reads as follows:

> "AN ACT concerning public utilities, creating a public service commission, abolishing the railroad commission of Indiana, and conferring the powers of the railroad commission on the public service commission."

Appellee concedes that this might be considered a general title, and does not contend that the subject of

taxation would not have been germane to the subject expressed in the title, and might have been very properly the subject of a provision in the 1913 Act, but which was not there included. But of course under the 1913 Act, taxing a municipally owned utilities would not have been proper in-as-much as such utilities were not included in the 1913 Act. So the title to the act was amended in the 1933 Act to include municipally owned utilities. The amended title reads as follows:

> "An act concerning public and municipally owned utilities, authorizing municipalities to hold, own acquire, construct and operate utilities and to issue bonds to pay therefor, providing the manner in which such municipalities, may acquire and pay for such utilities, abolishing the railroad commission of Indiana and conferring the powers of the railroad commission on the public service commission "

Appellee says that, "Insofar as the amended title refers to 'Municipally owned' utilities, it is restrictive, rather than general; and applies to the 'holding', 'owning', 'acquiring', 'construction', 'operation', 'issuance of bonds to pay therefor', of public utilities by a municipality. It does not cover the taxation of such utilities."

We are unable to follow appellee's reasoning in the above quotation from its brief. The rules governing the determination of whether the title of an act is broad enough to cover the subjects mentioned in the act are so well understood, and have been repeated so often by the courts, that it is not necessary to restate them in this opinion, only in a very general way. In considering the constitutionality of an act in reference to its title, a very liberal interpretation will be adopted, rather than a critical construction calculated to defeat it. It is pointed out in many cases that the "subject" of an act is the thing about which the legislation is had, and it need not contain an index or an abstract of its various provisions. In the case of *Wright* v.

*House* (1919), 188 Ind. 247, 121 N. E. 433, the 1927 Highway Act was questioned. The title to said act was as follows:

"An act creating a state highway commission, providing for the construction, reconstruction, maintenance, repair and control of public highways, and providing for co-operation with the Federal Government in the construction of post roads."

The body of the act provides for the levy of taxes to provide funds to pay for such roads. The court, in passing on this question, said (p. 259):

". . . the appropriation of money and the levy of taxes to raise funds to pay for such improvements must be regarded as being properly connected with the subject of the act as expressed in the title."

The following cases are in point on this question. *White* v. *State* (1924), 195 Ind. 63, 144 N. E. 531; *Baltimore etc.* v. *Town of Whiting* (1903), 161 Ind. 228, 68 N. E. 266; *Bright* v. *McCullough, etc.* (1866), 27 Ind. 223; *Smith et al.* v. *Board of Comm. etc.* (1910), 173 Ind. 364, 90 N. E. 881.

If the title to the original act was broad and general enough to include the subject of taxation of a privately owned utility, the amended act would be broad and general enough to include a provision relating to taxing a municipally owned utility. Taxing utilities, whether owned privately or by a municipality, is germane to and properly connected with the subject of "public and municipally owned utilities," and said section 16, Ch. 190, Acts 1933, does not offend §19 of Art. 4 of the constitution of Indiana.

It is claimed that §64-103 Burns Statutes 1933, §15516 Baldwin's 1934, exempts property owned by a city, and hence there is no authority to assess the property here in question. This position is based upon the assumption that §16, Ch. 190, Acts 1933, is unconstitutional and void.

Since we have above determined that this assumption is erroneous, we need not further discuss this point.

It is next insisted that the method adopted in fixing the value of appellee's property subject to taxation under §16, *supra,* was not proper, and not in accord with the provisions of said §16; that said section provides:

"That any municipally owned and operated utility, used exclusively for the furnishing of utility service to such municipality itself, for its own municipal purposes, or any part of the valuation of any municipally owned and operated utility which may be determined by the public service commission, to be reasonably allocated to the furnishing of service to such municipality itself for its own municipal purposes, shall not be subject hereunder to the payment of any taxes whatsoever."

The record discloses that at the trial certain facts were stipulated and agreed to by all the parties. Among such facts appear the following: that appellee's property was used for both municipal and commercial purposes; that the board of tax commissioners also found the value of that part and portion of said municipally owned property of appellee used for commercial purposes; that in arriving at said value it considered the reports of appellee filed with it and the reports filed as required by law with the public service commission, and all other relevant facts and circumstances coming to the attention of said board of tax commissioners. There is no contention on the part of appellee that the tax imposed or any part thereof is levied on any part of its property used exclusively for the furnishing of utility service to such municipality itself, for its own municipal purposes, or on any part of the valuation that had been allocated by the public service company, to the furnishing of service to such municipality itself for its own municipal purposes. No fraud or mistake in the

assessment is urged or suggested. No complaint was made to the state board of tax commissioners, although they were notified, nor did it appear or contest the value as fixed by said state board. If the tax is levied on the property subject to taxation under this section and no part of the property exempt by said section is attempted to be assessed, and the valuation is fair and reasonable, we can see no reasonable ground for holding the assessment invalid.

The last proposition to sustain the lower court made by appellee is that §16 of Chapter 190, Acts 1933, is void insofar as it attempts to subject appellee's property to taxation, for the reason it fails to prescribe any definite and certain manner and method of assessment and valuation of said property.

We are not impressed with appellee's position. This section provides that the property "shall be assessed for taxation in the same manner as the property of public utilities is assessed." Sections 64-708 and 64-709 Burns Statutes 1933, §§15622 and 15626 Baldwin's 1934, provides how the state board of tax commissioners shall assess public utilities, but appellee contends that these sections are not applicable to a municipally owned utility because the property of a public utility, under the statute, is to be valued by taking the actual value of all the shares of the capital stock, or if there are no shares of stock, by taking the actual value of the capital, and adding thereto the aggregate amount of such mortgage or mortgages, and appellee says that the statute relative to the acquisition of public utilities by municipalities makes no provision for "capital stock", "capital" or "mortgage" indebtedness, but only revenue bonds. If a private person owned a public utility, could it be said that because there was no capital stock, or mortgage or capital, that it could not be assessed under the statute for taxation; certainly not. The statute provides a

method for assessing utilities at its true cash value. Section 64-708 (§15622 Baldwin's 1934) provides that certain information concerning the property shall be filed with the board. All of which provisions were complied with by appellee. The state board determined the value of the taxable property of appellee. Appellee was notified of the assessment so made, but made no objection thereto. No fraud on the part of the state board of tax commissioners is alleged or relied upon. Under such conditions the action of the state board of tax commissioners is final and conclusive, and a resort to the courts is unavailing. *C. C. C. & St. L. R. Co.* v. *Backus* (1892), 133 Ind. 513, 33 N. E. 421, affirmed 154 U. S. 439; *First National Bank etc.* v. *Isaacs* (1903), 161 Ind. 278, 68 N. E. 288.

It appears from the record that the facts were undisputed and fully and fairly presented and therefore a new trial is unnecessary.

Judgment reversed with instructions to the trial court to dissolve the injunction and enter judgment in favor of appellants.