STATE EX REL. TAYLOR *v.* GREENE CIRCUIT COURT ET AL.

[No. 28,129. Filed November 7, 1945.]

564

*Clinton H. Givan*, of Indianapolis, for relator.

*Kern G. Beasley*, of Linton, and *Paul Haywood*, of Bloomfield, for respondents.

GILKISON, J.—An original action was filed in this court by the plaintiff praying that a writ of prohibition issue against the defendant, The Greene Circuit Court and Karl Parker Vosloh, Judge thereof, prohibiting further action in a cause entitled, *Georgia Irene Chaney* v. *Elbert Taylor*, filed in said court on September 18, 1944. The purpose of the action in said court was to secure the relief provided for an unmarried mother, her illegitimate child, and other interested persons by ch. 112, Acts 1941, page 301 et seq., approved March 6, 1941, §§ 3-623 to 3-655, Burns' 1933 (Supp.), inclusive.

It is the contention of the plaintiff that the law under which the action is brought is unconstitutional because its title is not broad enough to cover the subject of the act.

The title of the act is: "An Act concerning children born out of wedlock." There are 36 sections in the act, covering many matters in which such a child

or its mother might be interested, including those who may extend credit to them in their support and maintenance, and the institution and trial of an action to establish the paternity. It clothes juvenile courts with jurisdiction of the action, and fixes either the county where the mother or child, or the alleged father, resides or may be found as the place where the action may be commenced. It also provides for registration of the child's birth by the State Board of Health, and the maintenance of secrecy that it was born out of wedlock. It also repeals all conflicting laws and specifically repeals four former laws providing for the prosecution of bastardy proceedings, and many other things.

Artice 4, § 19 of the Constitution of Indiana provides as follows:

> "Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." .

The title of an act, therefore, should embrace a single subject, that is reasonably particular. It should indicate the character of the sections of the act and ■ the means by which the ends are to be accomplished. *Trainer* v. *State* (1926), 198 Ind. 502, 505, 506, 154 N. E. 273; *Baldwin* v. *State* (1923), 194 Ind. 303, 305, 306, 141 N. E. 343; *State* v. *Bailey* (1901), 157 Ind. 324, 326, 61 N. E. 730, 59 L. R. A. 735; *Henderson, Auditor* v. *The London, etc., Ins. Co.* (1893), 135 Ind. 23, 25, 32, 34 N. E. 565; *The Indiana Central Ry. Co.* v. *Potts* (1856), 7 Ind. 681, 683.

The position of our courts with respect to the ■ sufficiency of a title, expressed in general terms, is fairly explained as follows:

"Generality of a title is not objectionable if it is not made a cover to legislation incongruous in itself, and which, by no fair intendment, can be considered as having a necessary or proper connection."

*Sarlls, City Clerk* v. *State ex rel.* (1929), 201 Ind. 88, 102, 166 N. E. 270; *Crabbs* v. *State* (1923), 193 Ind. 248, 255, 139 N. E. 180.

"If the title expresses *the general purpose of the act,* everything contained in the act which is germane to such purpose or properly connected therewith, as a means of making the act effective, is covered by the title." (Our italics.)

*Sarlls, City Clerk* v. *State ex rel., supra; Cyrus* v. *State* (1924), 195 Ind. 346, 145 N. E. 497; *White* v. *State* (1924), 195 Ind. 63, 64, 65, 144 N. E. 531; *Baldwin* v. *State, supra; Wright* v. *House* (1919), 188 Ind. 247, 249, 121 N. E. 433; *Baltimore, etc., R. Co.* v. *Town of Whiting* (1903), 161 Ind. 228, 68 N. E. 266.

The general rules with respect to the sufficiency of the title of an act have been expressed as follows:

" . . . the title is of the nature of a label, its purpose being to give notice of the subject of the act. So a title must fairly set forth the subject of legislation with sufficient clearness to give notice of the legislative intent and purpose to those interested therein or affected by the terms of the act without the aid of any suggestions or inferences which may be drawn from knowledge dehors the language used; and, while technical accuracy is not essential, and the subject need not be stated in express terms where it is clearly inferable from the details set forth, a title which is so uncertain that the average person reading it would not be informed of the purpose of the enactment or put on inquiry as to its contents, or which is misleading, either in referring to or indicating one subject

where another or different one is really embraced in the act, or in omitting any expression or indication of the real subject or scope of the act, is bad . . . ."

59 C. J. 804, § 387.

"All matters which are germane to and connected with the general subject of a statute may be included in its provisions without rendering it violative of a constitutional provision prohibiting a statute from embracing more than one subject, and a statute, no matter how comprehensive it may be or how numerous its provisions, complies with the constitutional requirement *if a single main purpose is held in view and nothing is embraced in the act except what is naturally connected with and incidental to that purpose.*" (Our italics.)

59 C. J. 801, 802, § 379; *White* v. *State, supra; Baldwin* v. *State, supra.*

Certainly a *main purpose* is indicated in the title to the act in question. A more general title is difficult to imagine. It could apply to everything that might be connected with the life and experience of such children. It indicates an intent to legislate concerning them. It is general enough to indicate a purpose and plan to establish the parentage of such children and to provide for their care, education and maintenance, and anything else connected with their rearing. Because of its generality all these things may be properly inferred. The duty of selecting a title for an act, belongs to the General Assembly, and the courts will follow a liberal rule, and will not condemn an act because the subject might have been more specifically expressed in the title. *Alyea* v. *State* (1925), 196 Ind. 364, 368, 147 N. E. 144; *Lewis* v. *The State* (1897), 148 Ind. 346, 348, 47 N. E. 675; *Shoemaker, Auditor* v.

*Smith* (1873), 37 Ind. 122, 134. Legislation that the General Assembly believes necessary to accomplish the purposes that may be logically inferred from the title may be contained in the act without violating the constitutional provision of Art. 4, § 19 of the Constitution of Indiana.

The Constitution provides that a proper subject for legislation should be expressed in the title of the act. The subject in this act is "children born out of wedlock." Under a different title such children have been a subject of legislation since Indiana was admitted to the Union. Certainly it is a proper subject. The Constitution does not require that the details of the law should be expressed in the title, and they are not expressed in this title.

The objection is made that under this title unborn children may not be legislated for. However, the statute while providing for the beginning of the action before the birth of the child, further provides in § 15 that unless the defendant consent to an earlier hearing, the hearing shall be continued until the child is born. It is only reasonable to contemplate birth, when pregnancy is established, and that a prospective and provident mother should have the right without unnecessary delay, to take legal action to establish the paternity of her child, is reasonably to be inferred from the title of this act. The act provides that the defendant may be brought into court and held to answer the charge,—the hearing to be had after the child is born.

Since this is an original action it attacks the validity of the act as a whole, and not the validity of any one of its several provisions. We shall, therefore, not attempt to determine the validity of each of its several provisions in this original action.

It is our conclusion that the act in question as a whole is not invalid because it is in conflict with the constitutional provision mentioned.

It is, therefore, ordered that the temporary writ of prohibition heretofore issued in this cause be and the same is hereby dissolved, and the permanent writ prayed for is denied.

Note.—Reported in 63 N. E. (2d) 287.