**In the Matter of the ESTATE of Harold M. WISELY, Deceased. Mary Dorothy Wisely, Executrix.**

**No. 2–1278A430.**

Court of Appeals of Indiana, Second District.

March 25, 1980.

Rehearing Denied April 30, 1980.

Theodore L. Sendak, Atty. Gen., Wallace T. Gray, Deputy Atty. Gen., Indianapolis, for appellant.

Stephen W. Terry, Jr., Thomas M. Lofton and Mary K. Lisher, Baker & Daniels, Indianapolis, for appellee.

SHIELDS, Judge.

Appellant Indiana Department of State Revenue, Inheritance Tax Division (Department) appeals a judgment dismissing with prejudice its Petition for Rehearing, Reappraisement and Redetermination of Inheritance and Transfer Tax. The Department urges as error the trial court's conclusion of law:

> Since I.C. 29–1–6–4(c) expressly provides that a renunciation relates back for all purposes to the date of death of the decedent there is, on a matter of law, no transfer to Mrs. Wisely of the interest she renounced and, accordingly, no basis for the assessment of inheritance tax.

The Department argues:

1. Renunciation does not affect the assessment of inheritance taxes, and

2. The renunciation statute is unconstitutional if it purports to affect the assessment of inheritance taxes.

We affirm.

## FACTS

The decedent's last will and testament was admitted to probate and Mary Dorothy Wisely, the decedent's surviving spouse, was appointed Executrix of the Estate. Under the provisions of the decedent's will, his entire residuary estate was devised and bequeathed to his wife, Mary Dorothy Wisely, if she survived him, or in the event she did not survive him, to his children in equal shares. The decedent was survived by his wife, Mary Dorothy Wisely, and two adult daughters, D. Susan Wisely and Deborah L. Wisely.

Mary Dorothy Wisely executed and filed a legally effective renunciation and disclaimer, renouncing and disclaiming all right and interest in twenty-five percent (25%) of the decedent's gross probate estate.[1]

Subsequently, the Marion Probate Court entered its Order Determining Value of Estate and Amount of Tax, Etc. which gave effect to Mrs. Wisely's renunciation and disclaimer, taxing the portion of the estate renounced equally to the decedent's daughters, the recipients of such property under the alternate provisions of the decedent's will.

## ISSUES

### I

■ The Department argues a legally effective renunciation does not affect the assessment of inheritance tax because it is imposed at the time of decedent's death according to the facts existing at that time

1. IC 29–1–6–4 (Burns Code Ed., Supp.1979).

2. IC 6–4.1–2–1 reads:
    (a) *An inheritance tax is imposed at the time of a decedent's death* on certain property interest transfers made by him. The transfer of a property interest is subject to the tax if:
    (1) the property transferred is described in:
    (i) Section 2 [6–4.1–2–2] of this chapter if the property is transferred by a resident decedent; . . ." (Emphasis added)
    IC 6–4.1–2–2 reads:
    The inheritance tax applies to a property interest transfer made by a resident decedent if the interest transferred is in:

pursuant to IC 6–4.1–2–1, 2 and 4 (Burns Code Ed., Repl. 1978).[2] Accordingly, unless the will is set aside, the inheritance tax is computed according to distribution by the will.

We agree with the Department's statement that the tax is imposed at the time of decedent's death according to the then existing facts, but disagree with its application to the facts presented in this appeal. The Department's argument ignores the express provisions of the taxing statutes which require a *transfer* of property interest as a prerequisite to the determination and imposition of Indiana inheritance tax. There was no transfer under the decedent's will to Mrs. Wisely of the portion of the decedent's estate she renounced and, accordingly, there was no basis for the assessment of inheritance tax to her.

IC 29–1–6–4(c), the provision of the Indiana Probate Code governing renunciation, provides:
    (c) * * * the interest renounced . . . passes as if the person renouncing had predeceased the decedent * *. In every case the renunciation relates back *for all purposes* to the date of death of the decedent * * * (emphasis added).

The language of this statute is unmistakably clear: The interest renounced passes as if the person renouncing had predeceased the decedent and the renunciation relates back to the date of the decedent's death *for all purposes*. The effect of this statute upon Mrs. Wisely's renunciation is that her

    (1) Real property located in this state;
    (2) Tangible personal property which does not have an actual situs outside this state; or
    (3) Intangible personal property regardless of where it is located.
    IC 6–4.1–2–4 reads:
    (a) The inheritance tax applies to the following types of property interest transfers:
    (1) Transfers which are made under a deceased transferor's will or under the laws of interstate succession, as a result of the transferor's death; . . .

renounced interest passed to her daughters as if she had predeceased her husband and her renunciation related back to the date of her husband's death for all purposes. The renounced interest, therefore, was not transferred to her at decedent's death.

■ The plain words of the statute are reinforced by the fact that, prior to a 1975 amendment, the statute expressly stated:

* * * the succession so renounced shall be subject to the same Indiana inheritance tax that would have been assessed if there were no renunciation.

IC 29–1–6–4 (Burns Code Ed. 1972). This language was omitted when the legislature amended IC 29–1–6–4 by the Acts of 1975, Pub.L. 288, § 5, pp. 1585–1587. A cardinal rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. *Abrams v. Legbandt,* (1974) 160 Ind.App. 379, 312 N.E.2d 113; *Marhoefer Packing Co. v. Indiana Department of State Revenue,* (1973) 157 Ind.App. 505, 301 N.E.2d 209. The deletion of this language by the 1975 amendment is clearly indicative of a legislative intent that the doctrine of relation back should be applied *"for all purposes,"* including any Indiana inheritance tax consequences.

## II

■ Next, Department argues

. . . the 1976 amendment to I.C. 29–1–6–4 does not direct itself to taxation and more particularly to the taxation of a renounced interest in its title and therefore cannot address itself to such taxation in the body of the section without being declared unconstitutional under Article 4, Section 19, of the Indiana Constitution.

Article 4, Section 19 of the Indiana Constitution as originally enacted read:

Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject

shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title.[3]

The Indiana Supreme Court has held: the word "subject" * * * indicates the thing about which the legislation is had, and the word "matters" the incident or secondary things necessary to provide for its complete enforcement. *Board of Commissioners v. Scanlan,* (1912) 178 Ind. 142, 147, 98 N.E. 801, 802; *Albert v. Milk Control Board,* (1936) 210 Ind. 283, 289, 200 N.E. 688, 690. The Court has further stated that the provision is intended to insure that there is "some rational unity between the matters embraced in the act . . . ." *State ex rel. Test v. Steinwedel,* (1932) 203 Ind. 457, 468, 180 N.E. 865, 868; *Ule v. State,* (1935) 208 Ind. 255, 266, 194 N.E. 140, 144. In other words, the test of constitutionality under this section is one of relevance.

All matters which are germane to and connected with the general subject of a statute may be included in its provisions without rendering it violative of a constitutional provision prohibiting a statute from embracing more than one subject * * *.

*State ex rel. Taylor v. Greene Circuit Court,* (1945) 223 Ind. 562, 567, 63 N.E.2d 287, 289.

Article 4, Section 19 of the Indiana Constitution presently reads:

An act, except an act for the codification, revision or rearrangement of laws, shall be contained to one [1] subject and matters properly connected therewith.[4]

Department argues, as amended, Article 4, Section 19, of the Indiana Constitution "unmistakably exists for the purpose of preventing surprise application of one code section in one title to another code section in a different title."

The Title enacting IC 29–1–6–4 (Acts 1953, ch. 112, p. 295) reads:

**3.** Article 4, Section 19 of the Indiana Constitution was amended in 1960 in a form not material to this discussion.

**4.** Article 4, Section 19 of the Indiana Constitution as it now reads was adopted on November 5, 1974.

An act to establish a probate code concerning the rights, property and affairs of beneficiaries of decedents' estates, wills, trusts, guardianships, the administration thereof and procedure thereunder.

The Title to Public Law No. 288 amending IC 29–1–6–4 reads:

An act to amend Titles 29 and 32 concerning probate.

Because the Constitutional amendment retained the words "subject" and "matters properly connected therewith," we apply the principles enunciated by the Supreme Court for Article 4, Section 19 as originally enacted, to the present case. IC 26–1–6–4 does confine itself to a single subject, *i. e.,* renunciation, and matters properly connected therewith. There is a "rational unity between the matters embraced in the act." Unrelated subjects are not therein combined. IC 29–1–6–4 does not violate the constitutional prohibitions of Article 4, Section 19 of the Indiana Constitution.

IC 29–1–6–4 comprises a part of the Probate Code. The general subject of the Probate Code is decedents' estates. IC 29–1–6–4 directs itself to the manner in which a bequest under a decedent's will may be renounced and the legal effect of such renunciation. It is concerned with the application of the doctrine of relation back in the context of a renunciation. The determination of whether a transfer has occurred under the decedent's will indirectly produces an inheritance tax effect, just as the Probate Code's delineation of the rules of intestate descent affects the determination of what transfers have been made "under the laws of intestate succession, as a result of the transferor's death" for purpose of IC 6–4.1–2–4(a)(1) and the Probate Code's definition of what constitutes "lawful claims against [the decedent's] resident estate" affects the deductibility of certain debts under IC 6–4.1–3–13(b)(1). Certainly the delineation of the various rights and privileges accorded to the beneficiary of a decedent's estate and the *legal effect* of the exercise of such rights bears a sufficiently rational connection to the general subject of the Probate Code to withstand constitutional challenge. Article 4, Section 19 of the Indiana Constitution should not be interpreted in a technical or narrow sense, but reasonably.

## CONCLUSION

The trial court correctly applied the plain meaning and legal effect of IC 29–1–6–4(c). Mrs. Wisely's renunciation was valid and there was no transfer to her of the renounced property interest. Such a transfer was a prerequisite to the determination and imposition of Indiana inheritance tax upon her.

The trial court's judgment is affirmed.[5]

BUCHANAN, C. J., concurs.

SULLIVAN, J., concurs.

---

5. Once again we direct the attention of counsel for the Department to the provisions of Ind. Rules of Procedure, App. Rule 15(A)(3) which prohibits the citation of memorandum decisions of this Court.