## HOLT v. STATE OF INDIANA.

[No 24,666.    Filed March 16, 1927.]

1. AUTOMOBILES.—*Statute requiring lights on automobiles applicable to parked automobiles.*—Section 13 of the act of 1913 regulating the use and operation of motor vehicles (Acts 1913 p. 779, §10476 Burns 1914) as amended in 1923 (Acts 1923 p. 547), which required all motor vehicles to display certain front and rear lights from one-half hour after sunset to one-half hour before sunrise, was applicable to automobiles parked on the public highways as well as to automobiles being driven or operated on such highways.    p. 136.

2. AUTOMOBILES.—*Title of act of 1913 regulating motor vehicles covered display of lights on automobiles.*—The title of the act of 1913 providing for the "regulation" of motor vehicles (Acts 1913 p. 779, §§10464-10476g Burns 1914) was sufficiently broad to cover legislation requiring the display of certain kinds of lights on automobiles during the nighttime.    p. 136.

3. CRIMINAL LAW.—*Defendant bound by statement in judgment that he was present when it was rendered.*—In the absence of any motion to correct or modify a judgment of conviction, the defendant is bound by a statement therein that he appeared in person or by attorney. p. 137.

4. CRIMINAL LAW.—*Finding and judgment cannot be impeached by defendant's affidavit.*—A finding and judgment against the defendant cannot be impeached by his affidavit, especially when it is not a part of the record, but is merely incorporated in his brief on appeal. p. 137.

From Howard Circuit Court; *John Marshall*, Judge.

Olin R. Holt was convicted of unlawfully parking an

automobile without displaying the required lights, and he appeals. *Affirmed.*

*Homer R. Miller,* for appellant.

*U. S. Lesh,* Attorney-General and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—Appellant was prosecuted and convicted in the city court of the city of Kokomo upon an affidavit in which it was charged that on September 27, 1923, he unlawfully parked an automobile upon a public highway in the city of Kokomo, Howard county, State of Indiana, one-half hour after sunset and one-half hour before sunrise, to wit:—eight fifty-five p. m., without displaying the proper lights. He appealed to the Howard Circuit Court, where he was tried by the court without the intervention of a jury. He was found guilty and was fined one dollar and costs. He has appealed to this court from said judgment. The prosecution was under §5, ch. 186, acts of 1923, (Acts 1923 p. 547), which section was an amendment of §13, ch. 300, acts of 1913. (Acts 1913 p. 779). The punishment for violation of the statute was fixed in §19 of said act of 1913.

His first assignment of error is that the court erred in overruling his motion to quash the affidavit. The title of said chapter 300 of the acts of 1913, (Acts 1913 p. 779), was as follows: "An Act defining motor vehicles and providing for the registration, numbering and regulation of same, defining chauffeurs and providing for the examination and licensing thereof, and providing for punishment for the violation of any of the provisions of this act." Part of §13 of said act provided: "and every motor vehicle shall, during the period from one-half hour after sunset to one-half hour before sunrise, display at least two lighted lamps on the front and one on the rear of such motor vehicle, which shall display a red light visible from the rear." By §1, ch. 161, acts of 1919,

(Acts 1919 p. 700) said §13 was amended and the following proviso added thereto:  "Provided, That when any motor vehicle is parked or left standing on the right hand side of any street in any city or incorporated town or is so parked or left standing as to be head on to the curb of the street, it shall not be necessary to keep the front light of such motor vehicle burning."   Said amended §13 was amended in 1921, by §1, ch. 179, acts of 1921 (Acts 1921 p. 464).   And that amended §13 was amended in 1923, by §5, ch. 186, acts of 1923 (Acts 1923 p. 547). In said last amendment, the part of the law of 1913 and the proviso of the law of 1919, both quoted herein, were retained.   Same were in force and effect on September 27, 1923.

Appellant contends that the section upon which the prosecution was predicated referred only to vehicles operated or driven upon the public highway and not to vehicles which were merely parked upon the public highway.   Since the filing of appellant's brief, this court, in *Koplovitz* v. *Jensen* (1926), 197 Ind. 475, 151 N. E. 390, held that motor vehicles at rest temporarily or parked upon the traveled portion of a public highway in this state, as well as those in motion, were within the "light" provision of the law.   The quoted proviso enacted by the general assembly in 1919, and re-enacted in 1921 and in 1923, clearly indicated the manner in which a parked motor vehicle should be lighted.   In *Baldwin* v. *State* (1923), 194 Ind. 303, 141 N. E. 343, it was decided that the title of said ch. 300 of the acts of 1913 was sufficient to cover a provision for the collection of a license or registration fee.   Under the part of the title in regard to the regulation of motor vehicles, it was proper to provide for the lighting of same.   The title of said original act was included in the title of all of said amendatory acts, and the title of each of said acts was sufficient to cover the misdemeanor in

question. The affidavit charged the commission of a public offense and same was described in almost the words of the statute. The court did not err in overruling the motion to quash the affidavit.

It is contended by appellant that the court erred in overruling his motion for a new trial. He claims that the finding of the court was contrary to law.

3, 4. His reason for this contention, as disclosed by his brief, is the same as his third assignment of error, which is that the court erred in making a finding and judgment against him in his absence and the absence of his attorney. An entry of the court, after the title and number of the cause, has the following: "Come the parties by their counsel," which is followed by the finding and judgment. If the finding and judgment did not speak the truth, and the defendant desired to object, he should have made a motion to correct or modify same, stating his objection thereto. It does not appear that this was done. Appellant's affidavit, not in the record but set out in his brief, cannot be considered for the purpose of impeaching the finding and judgment. The finding of the court was not contrary to law and same was sustained by sufficient evidence. It was not error to overrule the motion for a new trial.

The judgment is affirmed.