*25
 
 By the Court.
 

 There are two questions presented by this record: First, whether the Sections of the General Code, 7762, 7762-3, 7762-5, 7762-7, 7763, 7764, and 12974, relative to attendance upon school of children of school age and providing for penalty in the event such children do not attend, are in conflict with the Constitution of this state or the Constitution of the United States. Second, does the record disclose evidence sufficient to sustain the judgment herein?
 

 Of these in their order.
 

 The prosecution in this case is under Section 12974, General Code, which provides, in substance, that the parent, guardian, or other person having care of a child of compulsory school age who violates any of the provisions of the compulsory school law of this state shall be fined not less than $5 nor more than $20, or that the court may in its discretion require the person so convicted to give bond conditioned that such person will cause the child under his charge to attend school.
 

 Compulsory school age in this state is between 6 and 18 years of age. Sections 7763 and 7763-4, General Code, provide the manner in which a child of compulsory school age may be exempted from attendance. The superintendent of schools of the district in which the child resides may excuse such child, on satisfactory showing that the bodily or mental condition of such child does not permit attendance at school, or that he is being instructed at home by a person qualified to teach the branches in which' instruction is required by law. In ease the superintendent refuses to excuse the child from attendance, “an appeal may be taken from such
 
 *26
 
 decision, to the judge of the juvenile court of the county, upon the giving of bond, within ten days thereafter, to the approval of such judge, to pay the costs of appeal. His decision in the matter shall be final.”
 

 In the case at bar no appeal was taken, as provided in Section 7763-4, Q-eneral Code.
 

 Compulsory education laws have very generally been upheld by the courts. “Statutes making the education of children compulsory have become very general in the United States, and their constitutionality is beyond dispute, for the natural rights of a parent to the custody and control of his infant child are subordinate to the power of the state, and may be restricted and regulated by municipal laws. One of the most important natural duties of the parent is the obligation to educate his child; and this duty he owes, not to the child only, but to the commonwealth. If he neglects to perform it, or willfully refuses to do so, he may be coerced by the law to execute such civil obligation.” 24 Ruling Case Law, p. 621. Ann. Cas., 1912A, 373;
 
 State
 
 v.
 
 Jackson,
 
 71 N. H., 552, 53 A., 1021, 60 L. R. A., 739;
 
 State
 
 v.
 
 Bailey,
 
 157 Ind., 324, 61 N. E., 730, 59 L. R. A., 435; 35 Cyc., 1122;
 
 Quigley
 
 v.
 
 State,
 
 5 C. C., 638, 3 C. D., 310, affirmed by the Supreme Court without report, 27 W. L. B., 332.
 

 Additional authorities might be cited in support of this proposition; but we regard the constitutionality of such laws as so well established that other citation is unnecessary.
 

 The second point for determination is whether or not the record discloses sufficient evidence upon the question as to whether or not the health of the
 
 *27
 
 child was such that she might be compelled to attend school.
 

 This was an issue of fact, the state introducing testimony of physicians and others to sustain its claim that the health of the said Daisy May Parr was such that she might attend school This was denied by the parents and the physicians testifying in their behalf. This presented an issue of fact, with the burden upon the state to establish the guilt of the accused beyond a reasonable doubt.
 

 The record discloses evidence sufficient to sustain the conclusions reached by the justice of the peace, who heard the testimony, saw the witnesses, and had full opportunity to weigh such evidence. His conclusion thereon was sustained by the court of common pleas and by the Court of Appeals. Upon a careful examination of the record, we do not feel justified in disturbing the conclusion reached thereon.
 

 It follows that the judgment of the Court of Appeals in affirming the judgment of the court of common pleas and of the justice of the peace should be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.
 

 Allen, J., not participating.