*Allen, Auglaize, Crawford, Defiance, Hancock, Hardin, Henry, Logan, Marion, Mercer, Paulding, Putnam, Seneca, Shelby, Union, Van Wert and Wyandot Counties*
*Hon. Stephen R. Shaw, P.J., Hon. Thomas F. Bryant, Hon. John R. Evans, Hon. Edgar L. Miller*

---

### State v. Kielpinski
*[Cite as 4 AOA 75]*

*Case No. 17-88-19, 20, 21*
*Shelby County, (3rd)*
*Decided June 20, 1990*

Mr. John F. Jackson, Attorney At Law, Mr. Charles Kielkopf, Ms. Tresa G. Williams, Mr. Dean S. Talaganis, 665 South High Street, Columbus, Ohio 43215, for Appellant.

Mr. William E. Lang, Sidney City Solicitor, 316 South Main Avenue, P.O. Box 122, Sidney, Ohio 45365, for Appellee.

KERNS, J.

The defendant, Susan W. Kielpinski, was tried by the Sidney Municipal Court for failing to send her daughter, Cynthia Parker, to school on three different dates in 1988, as required by R.C. 3321.04, and in violation of R.C. 3321.38(A). Kielpinski was found guilty of the charges and fined twenty dollars and court costs for each of the three offenses, and from the judgments and sentences so entered, she has appealed to this court. In lieu of a transcript, the cause is before this court upon an agreed statement of facts.

In the appeal, Mrs. Kielpinski has set forth five assignments of error, the first of which has been stated as follows:

"The trial court erred in not enforcing Mrs. Kielpinski's subpoenas thus denying her Fifth and Sixth Amendment Federal Constitutional Rights to present a meaningful defense as well as her Ohio Constitutional Right to compulsory subpoena process under Article I, Section 10."

According to the record, the defense subpoenaed Mary Poston, a Director of the State Department of Education, to testify at the trial, but for some unknown reason, she failed to appear. In the absence of this witness, the trial court offered the defendant a continuance, but she declined the offer and elected to proceed to the trial of the case. Hence, Mrs. Kielpinski must be deemed to have waived her right compulsory process.

With reference to this alleged error, the appellant also argues that the trial court erred in failing to find the subpoenaed witness, Poston, in contempt, but this was a matter which rested within the discretionary authority of the trial court. Crim. R. 17(G). Furthermore, it appearing that Kielpinski waived her right to a continuance, she can claim no prejudice from the subsequent failure to find Poston in contempt. The first assignment of error is overruled.

The second assignment of error has been asserted as follows:

"The State Compulsory School Attendance Law is unconstitutional as it conflicts with the First and Fourteenth Amendments of the United States Constitution."

In a number of cases, the Supreme Court of Ohio has recognized the constitutionality of compulsory school-attendance laws. *Parr* v. *State* (1927), 117 Ohio St. 23; *State* v. *Whisner* (1976), 47 Ohio St. 2d 181; *State, ex rel., Nagle* v. *Olin* (1980), 64 Ohio St. 2d 341. Likewise, a number of federal cases have recognized the power of the states to impose reasonable regulations for the control of basic education. *Wisconsin* v. *Yoder* (1971), 32 L.Ed. 2d 15, 92 S. Ct. 1526; 406 U.S.

75

205; *Board of Education* v. *Allen* (1968), 88 S.Ct. 1923; 392 U.S. 236; 20 L.Ed. 2d 1060; *Pierce* v. *Society of Sisters* (1925), 268 U.S. 510; 45 S.Ct. 571, 69 L.Ed. 1070. In fact, the general recognition given to the validity of compulsory school-attendance laws refutes the appellant's argument that such laws are facially unconstitutional, and the record in this case is inadequate to show any other constitutional basis for refusing to obey the Ohio statute.

At the trial, Mrs. Kielpinski did state that the "Tsaleach School Without Walls", which operated at the Kielpinski home with Cynthia as the only student, was started because of "religious beliefs". However, the appellant offered nothing specific and her husband did not testify as to their "religious beliefs". Compare, *Wisconsin* v. *Yoder, supra; State* v. *Whisner, supra*. Hence, the alleged error must be overruled.

The third assignment of error has been presented by the appellant as follows:

"The State Compulsory Attendance Law is unconstitutional because there is no rational relationship to a legitimate State interest."

The appellant has not argued this alleged error with much enthusiasm, and understandably so, because "there is no doubt as to the power of a State, having a high responsibility for the education of its citizens, to impose reasonable regulations for the control and duration of basic education." *Wisconsin* v. *Yoder, supra*, at 213; 92 S.Ct. at 1532. See also, *Brown* v. *Board of Education* (1954), 74 S.Ct. 686; 98 L.Ed. 873; 347 U.S. 483; *State, ex rel. Nagle* v. *Olin* (1980), 64 Ohio St. 2d 341; *State* v. *Whisner* (1976), 47 Ohio St. 2d 181. The third assignment of error is completely devoid of merit.

The fourth assignment of error has been submitted as follows:

"The trial court erred by denying appellant her constitutional right to have counsel appointed for her because of her indigency."

This alleged error is overruled upon the authority of *State* v. *Gerwin* (1982), 69 Ohio St. 2d 488. See also, *Scott* v. *Illinois* (1979), 99 S.Ct. 1158, 59 L.Ed. 383; 440 U.S. 367; *Baldasar* v. *Illinois* (1980), 100 S.Ct. 1585; 446 U.S. 222; 64 L.Ed. 2d 169, rehearing denied 100 S.Ct. 3030, 65 L.Ed. 2d 1125.

The fifth assignment of error has been alleged by the appellant as follows:

"The finder of fact's eventual verdict was against the manifest weight of the evidence."

During the 1987-1988 school year, school officials notified the Kielpinskis that the Tsaleach School Without Walls, where Cynthia was the only student, was not approved by the State Board of Education, but the officials did furnish Mrs. Kielpinski with the materials necessary to apply for approval of home schooling under R.C. 3321.01(A)(2). The appellant did not comply, and she as subsequently notified that her daughter's attendance at public school was required by Ohio law.

Thereafter, the criminal charges were filed, and the uncontroverted evidence at trial showed that the appellant was not sending her daughter, a child of compulsory school age, to school.

The requirements of R.C. 3321.04(A)2) that application be made to the superintendent of schools for approval of a home education program were declared valid by the Supreme Court of Ohio in *State* v. *Schmidt* (1987), 29 Ohio St. 3d 32, and the record fails to disclose any other viable defense to the charges. In other words, the record provides no statutory or constitutional escape from the undisputed evidence of guilt, and this being the case, the alleged error is overruled.

With a view to the record submitted by the appellant, we find no prejudicial error, and the judgments of the Sidney Municipal Court will be affirmed.

*Judgment affirmed.*

SHAW, P.J., and BRYANT, J., concur.